20380

The STATE, Respondent, v. Johnny OXENDINE, Appellant.

(233 S. E. (2d) 118)

*Thomas C. R. Legare, Jr., Esq.,* of *Kennedy & Price,* Columbia, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Asst. Attys. Gen., Joseph R. Barker* and *Brian P. Gibbes,* of Columbia, and *John W. Farnsworth, Asst. Sol.,* of Greenville, *for Respondent.*

March 10, 1977.

*Per Curiam:*

Appellant was convicted of possession with intent to distribute and distribution of obscene matter and sentenced to imprisonment for a period of one (1) year. He asserts that the trial judge committed error in denying his motion to suppress evidence and his motion to dismiss charges. Both of these motions were based upon the ground that the State had failed to comply with the preliminary hearing requirement of § 16-414.7(d), S. C. Code Ann. (1962), as amended.

We think the language in § 16-414.7(d) makes it absolutely clear that the preliminary hearing requirement is applicable only where the alleged obscene matter is seized without the owner's permission. In such a situation the hearing procedure assures a speedy return of seized property which is not, in fact, obscene.

However, where the alleged obscene matter is purchased there is no necessity for such a procedure, since the owner has voluntarily relinquished his rights therein. The preliminary hearing procedure provided by § 43-232 of the Code amply protects the rights of the accused under such circumstances.

The record in this case clearly shows that the material in question was not seized, but was in fact purchased. Therefore, § 16-414.7(d) was not applicable and there was no error in the trial judge's refusal to grant appellant's motions.

We have considered appellant's remaining exception and have concluded that it is lacking in merit.

Accordingly, the judgment is affirmed without oral argument.