21722

The STATE, Respondent, v. James BARRETT, Appellant.
The STATE, Respondent, v. Harry F. OLSON, Appellant. (two cases).
(292 S. E. (2d) 590)

*Charles W. Boyle,* Atlanta, Ga., and *Franchot A. Brown,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Senior Asst. Atty. Gen. Brian P. Gibbes, Asst. Attys. Gen. Lindy P. Funkhouser* and *Martha*

*L. McElveen,* and *Sol. James C. Anders,* Columbia, *for respondent.*

June 8, 1982.

LITTLEJOHN, Justice:

These two obscenity cases have been consolidated for the purpose of this appeal. The separate briefs are substantially identical. The two Defendants were indicted in April of 1981 and found guilty of a violation of § 16-15-260, *et. seq., Code of Laws of South Carolina* (1976), as amended. From the convictions and sentences both have appealed, submitting the same issues as questions for this court.

The proscribing statute is as follows:

§ 16-15-320. Creation, possession, purchase or importation of obscene material with intent to distribute; dissemination and promotion of such material.

It shall be unlawful for any person to:

(a) send knowingly or cause to be sent, to bring or cause to be brought into the State for sale or distribution, to prepare, publish, print, exhibit, distribute or to offer to distribute in the State, or to have in his possession with intent to distribute or to exhibit or to offer to distribute any obscene matter;

(b) intentionally disseminate obscenity in any public place;

(c) advertise or otherwise promote the sale of material represented or held out by such person as obscene;

(d) knowingly and intentionally create, buy, procure or possess obscene material with the purpose and intent of disseminating it unlawfully.

Any person violating the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction shall be punished as provided in § 16-15-430.

It is well established that obscene materials are not protected by the First Amendment of the Constitution of the United States, or the corresponding provision of the Constitution of South Carolina.

Section 16-15-260 undertakes to define obscenity, in relevant part, as follows:

Definitions.
As used in §§ 16-15-270 through 16-15-440:

(a) "Obscene or obscenity" means any work, material or performance which, taken as a whole, appeals to the prurient interest in sex, which portrays sexual conduct in a patently offensive way, and which, taken as a whole, does not have serious literary, artistic, political, educational or scientific value. In order for any matter to be determined "obscene" the trier of fact must find:

(1) that the average person, applying contemporary community standards would find that the matter taken as a whole, appeals to the prurient interest and

(2) that the matter depicts, or describes, in a patently offensive way, sexual conduct specifically defined by this Section or authoritatively construed by the courts of this State as being a portrayal of patently offensive sexual conduct as the phrase is used in the definition of obscene, and

(3) that the matter taken as a whole, lacks serious literary, artistic, political, educational, or scientific value.

(b) "Prurient Interest" means a shameful or morbid interest in nudity, sex or excretion and is reflective of an arousal of lewd and lascivious desires and thoughts.

(c) "Patently Offensive" means obviously and clearly disagreeable, objectionable, repugnant, displeasing, distasteful, or obnoxious to contemporary standards of decency and propriety within the community.

The first issue submitted to the Court, as taken from the briefs of the Appellants, is as follows:

Section 16-15-260 of the South Carolina Code is unconstitutional on its face and/or as applied to the Petitioner herein and is violative of his First, Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution and under the applicable corollary to the South Carolina Constitution.

In the brief of Appellants, the following admission is made:

Except for § 16-15-260(b)(c), the statute is constitutionally unobjectionable. However, the general assembly went beyond the *Miller* standards and infringed upon the constitutional rights of citizens such as the Defendant herein when it defined prurient interest as reflective of an arousal of lewd and lascivious desires and thoughts.

The case of *Miller* referred to in counsel's brief is *Miller v. California*, 413 U. S. 15, 93 S. Ct. 2607, 37 L. Ed. (2d) 419 (1973). In this case, the Supreme Court of the United States attempted to clarify the law for the state and federal law makers and courts in the problem of dealing with obscenity and pornography. It is obvious that the Court fully appreciated the legislative problems of defining obscenity when it said:

We emphasize that it is not our function to propose regulatory schemes for the States. That must await their concrete legislative efforts.

. . . .

In resolving the inevitably sensitive questions of fact and law, we must continue to rely on the jury system, accompanied by the safeguards that judges, rules of evidence, presumption of innocence, and other protective features provide, as we do with rape, murder, and a host of other offenses against society and its individual members.

We hold that the guidelines set forth in *Miller* to regulate obscenity have not been infringed by the statute and its application here. It is obvious that the Legislature has conscientiously followed the guidelines of *Miller* with only minor variations, one of which (complained of) actually is advantageous to the Appellants. Our statute includes in the definition of "prurient interest" a requirement that the matter also be ". . . reflective of an arousal of lewd and lascivious desires and thoughts." Contrary to the argument of counsel, we think that this portion of the definition increases the burden of the government before conviction may be had.

Appellants contend that·subsection (c) is unconstitutional because of a substitution of community standards of decency and propriety for community standards of tolerance, citing *Red Bluff Drive-In, Inc. v. Vance*, 648 F. (2d) 1020 (5th Cir.) (1981). In this case, the Fifth Circuit Court of Appeals refused to declare a similar statute unconstitutional.

It can be forcefully argued that obscenity must be obscenity in every state or in none. At the same time, it is the law, as declared by the Supreme Court of the United States, that contemporary community standards may be considered, and, accordingly, state legislatures, courts, and juries are allowed certain latitude — all under the same constitution. Obscenity, like many other words, may be defined correctly in different ways. No particular verbiage is required to define obscenity. Certainly the Supreme Court of the United States has not undertaken to specify the verbiage to be used by the respective legislatures.

Here, as is typical in obscenity cases, counsel "picketh the nit." Squabbles over technicalities and definitions have lured the courts to write fluently, resulting, ofttimes, in overdefining obscenity. We appreciate the fact that obscenity is difficult to define; fortunately, it is not so difficult to detect. The printed material in contest here was not entered as exhibits in this Court, but quotations therefrom appear in the record. It is difficult to conceive of any definition which would not cover that which is printed in the record. Obviously, jurors applying contemporary community standards, concluded that the matter was obscene and proscribed. We, applying the same standards, agree.

Our statute is not so broad as to overcome the presumption of constitutionality. We refuse to declare it invalid.

The Appellants next contend that:

> The trial court erred in allowing the state to proceed with an original trial against [Appellants] even (sic) [though] there was no preliminary hearing and no judicial determination of obscenity as is required under § 16-15-270 of the South Carolina Code.

Code § 16-15-270, in relevant part, is as follows:

§ 16-15-270. Judicial determination of obscenity; procedure; warrants or orders of seizure; temporary restraining orders; contempt.

(a) The purpose of this section is to provide a judicial determination of the question of whether books, magazines, motion pictures or other materials are obscene prior to their seizure or prior to a criminal prosecution relating to such materials.

. . . .

(c) Whenever any law enforcement officer has reasonable cause to believe that any person is engaged in the sale, display, distribution or dissemination in a public place of any books, magazines, motion pictures or other materials which are obscene within the meaning of § 16-15-260, he shall, *without seizing* such material, notify the solicitor for the judicial circuit in which such material is so believed to be offered. Upon receiving such notification the solicitor for such judicial circuit shall investigate the law enforcement officer's report to determine whether or not sufficient cause exists to *seek warrants of search and seizure.* If the solicitor determines that sufficient cause does exist, he shall apply to a circuit judge sitting in the judicial circuit where the allegedly obscene material is located for warrants. (Emphasis added.)

(d) A circuit judge may *issue warrants for search and seizure to authorize seizure* of single copies of suspect material in order to preserve evidence, but only after he has determined the existence of probable cause based upon a viewing of the allegedly obscene material itself or upon examination of factual allegations contained in any affidavit in support of such warrant. (Emphasis added.)

. . . .

(g) Nothing contained in this section shall prevent the obtaining of material by purchase or by production under the provisions of § 16-15-270.

. . . .

It is apparent that this code section is designed to protect merchants of printed material from searches and seizures

which might be determined unwarranted. The protection is a limitation on search and seizure; it is not a limitation on prosecution.

The undisputed facts in this case are that police officers went to the stores where the Appellants worked, bought and paid for printed material. They proceeded to prosecute the Appellants in the usual fashion. It is their contention that they were entitled to a judicial determination of whether the material was obscene ". . . prior to their seizure or prior to criminal prosecution relating to such materials." They argue that no prosecution can be had before the materials are submitted to a circuit judge and found to be obscene. In *The State v. Oxendine*, 268 S. C. 328, 233 S. E. (2d) 118 (1977), in construing a similar statute now repealed, this Court held that:

> . . . where the alleged obscene matter is purchased there is no necessity for such a procedure, since the owner has voluntarily relinquished his rights therein. The preliminary hearing procedure provided by § 43-232 of the Code amply protects the rights of the accused under such circumstances.

While the statute involved in *Oxendine* is not exactly the statute involved here, we think that the rationale is similarly applicable. In cases, such as here, where there is no seizure, a determination by a circuit judge is not required. We think that a reasonable interpretation of the statute, quoted hereinabove, is that a judicial hearing by a circuit judge must be held prior to seizure, but if not held prior to seizure, at least must, upon request, be held after seizure prior to ". . . criminal prosecution relating to such materials."

It is obvious that the Legislature recognizes that the rights of a dispenser of literature are different when property is taken against the will of the owner and, on the other hand, when the owner parts with the same in exchange for money.

We find all exceptions without merit and the verdicts and sentences of the lower court are, hereby

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.