**Harry F. OLSON, Appellant,**

v.

**William D. LEEKE, Commissioner, Department of Corrections and the Attorney General of South Carolina, Appellees.**

**No. 83–6650.**

United States Court of Appeals,
Fourth Circuit.

Argued May 8, 1984.

Decided Oct. 2, 1984.

Charles W. Boyle, Atlanta, Ga.; W. Gaston Fairey, Columbia, S.C., for appellant.

Sally M. Rentiers, Asst. Atty. Gen., Columbia, S.C. (T. Travis Medlock, Atty. Gen., Donald J. Zelenka, Asst. Atty. Gen., Columbia, S.C., on brief), for appellees.

Before RUSSELL and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge.

The petitioner, Olson, was convicted of distributing obscene printed materials in violation of South Carolina Code § 16–15–320. Denial of post-conviction relief was

affirmed by the Supreme Court of South Carolina. *State v. Barrett and Olson*, 278 S.C. 92, 292 S.E.2d 590 (1982). Olson then sought a federal writ of habeas corpus which was denied by the district court.

## I.

The petitioner, relying on South Carolina Code § 16–15–270, contends that he is not subject to prosecution until after a determination in a civil proceeding that the material was, in fact, obscene. That section has to do with searches and seizures. It provides that a search warrant may be issued only by a circuit judge after a determination by him, after viewing the material or a description of it, that the material is obscene. In this case there was no search and no seizure. An undercover agent simply entered the bookstore and purchased the material which formed the basis of the prosecution.

Paragraph (g) of § 16–15–270 provides that the section does not prevent obtaining such materials by purchase. The South Carolina Supreme Court in Olson's post-conviction case specifically held § 16–15–270 inapplicable to this case. Its interpretation of state law, of course, is binding upon us.

It is then suggested that due process requires that a defendant, charged with selling explicit sexual material to willing adult purchasers, is entitled to a pre-indictment civil determination that the material is obscene. We find no such requirement in the cases or in reason. In *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973), the court addressed the problem of fair notice and specifically concluded that observance of the prerequisites to prosecution as set forth in *Miller* would provide fair notice to commercial dealers in such materials.

## II.

While Olson concedes that South Carolina's obscenity statutes generally comport with constitutional requirements, he challenges the statute's definition of "patently offensive" in South Carolina Code § 16–15–260(c). That subsection provides:

"Patently offensive" means obviously and clearly disagreeable, objectional, repugnant, displeasing, distasteful, or obnoxious to contemporary standards of decency and propriety within the community.

He contends the statute is overbroad in prescribing contemporary standards of decency and propriety rather than a contemporary community standard of tolerance.

On occasion the Supreme Court in discussing obscenity problems has alluded to community standards of tolerance, *see e.g., Smith v. United States*, 431 U.S. 291, 305, 97 S.Ct. 1756, 1766, 52 L.Ed.2d 324 (1977), and the Court of Appeals for the Fifth Circuit found that reference to standards of decency rather than to standards of tolerance created a problem. *Red Bluff Drive-In Inc. v. Vance*, 648 F.2d 1020 (5th Cir.1981). It declined to decide the question in the abstract, however, observing that if there were any defect in the statute it was one readily curable by the state's construction of its own statute. Subsequently, the Texas Court of Criminal Appeals held the statute constitutional. *Andrews v. Texas*, 652 S.W.2d 370 (1983).

There is nothing in the statute or the court's charge in this case that suggests that "patently offensive" means anything that the average citizen would find unbecoming or not in conformity with contemporary standards of decency in the community. To be found patently offensive material must be found to be "obviously and clearly" inconsistent with, even obnoxious to, contemporary standards of decency in the community. The standard seems as rigorous as that Olson advances. It does not condemn everything which the average person would not embrace, only what the average person would find repulsive. It is substantially the same thing as Olson's suggested standard of tolerance.

## III.

We find no error in the denial of the writ. The judgment is affirmed.

AFFIRMED.