476 S.E.2d 185

In re the Petition for an APPEAL OR JUDICIAL REVIEW OF the DECISION OF the WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD and the Finding of Hearing Examiner, Jack W. DeBolt, in the Matter of the Application of James F. Cain for Retirement Benefits Through the West Virginia Public Employees Retirement Act.

No. 23184.

Supreme Court of Appeals of West Virginia.

Submitted May 1, 1996.

Decided June 14, 1996.

James F. Cain, Elkins, Pro Se.

Kenneth E. Webb, Jr., Bowles Rice McDavid Graff & Love, Charleston, for West Virginia Consolidated Public Retirement Board.

McHUGH, Chief Justice:

In this appeal, the West Virginia Consolidated Retirement Board (hereinafter "the Board"), which administers the Public Employees Retirement System (hereinafter "PERS"),[1] appeals an order entered in the Circuit Court of Randolph County in which respondent James F. Cain was awarded an additional year of service credit under PERS for fifteen and one-half months of temporary employment. This Court has before it the petition for appeal, all matters of record and the briefs and arguments of counsel. For the reasons discussed below, the order of the circuit court is reversed.

## I.

Respondent, who, for twenty-eight years, served as the Prosecuting Attorney of Randolph County[2] and who is a member of PERS[3] with twenty-eight years of accumulated service credit,[4] seeks one additional year of service credit[5] for his employment in 1962–63 at the West Virginia State Road Commission (now the Division of Highways). Various facts regarding respondent's employ-

ment at the Division of Highways (hereinafter "DOH") are undisputed. From June 1, 1962 until September 13, 1963, respondent was employed by the DOH while he was a student at the West Virginia University College of Law. During his employment there, respondent worked full time as a salaried employee in the summer months of 1962 and 1963 and during the remaining months, he was paid on an hourly basis, working eighty hours per month. According to DOH records, respondent was classified, at all times during his employment, as a "temporary" employee.

## II.

### A.

When respondent's application to the Board for additional service credit under PERS was denied, respondent requested an appeal.[6] The sole issue before Hearing Examiner Jack W. DeBolt was whether respondent was entitled to one year of service credit for his fifteen and one-half month period of temporary employment at the DOH. In

1. *See generally* the "West Virginia Public Employees Retirement Act," *W. Va.Code,* 5–10–1, *et seq. See also W. Va.Code,* 5–10D–1(a) [1994] ("There is hereby created a consolidated public retirement board to administer ... the [PERS][.]")

2. Respondent was the Prosecuting Attorney of Randolph County from January 1, 1965 until December 31, 1992.

3. *See W. Va.Code,* 5–10–16 [1961], in relevant part:
  **When and how political subdivision becomes a participating public employer.**
  The state of West Virginia shall become a participating public employer effective [July 1, 1961]. Any other political subdivision may by a three-fifths vote of its governing body, or by a majority vote of its electors, elect to become a participating public employer and thereby include its employees in the membership of the [PERS][,]
  and *W.Va.Code,* 5–10–17(a) [1991], in relevant part:
  **Retirement system membership.**
  The membership of the [PERS] shall consist of the following persons:
  (a) All employees, as defined in [*W. Va.Code,* 5–10–2] of this article, who are in the employ of a political subdivision the day preceding the date it becomes a participating employer and who continue in the employ of the said partici-

pating public employer on and after the said date shall become members of the [PERS][.]

4. *See W. Va.Code,* 5–10–14 [1988], which provides, in pertinent part:

  "**Service credit.** (a) The board of trustees shall credit each member with the prior service and contributing service to which he is entitled based upon such rules and regulations as the board of trustees shall from time to time adopt." *See also W. Va.Code,* 5–10–2(12) [1988] and 5–10–2(13) [1988].

5. *See W. Va.Code,* 5–10–22 [1971] ("Upon a member's retirement, as provided in this article, he shall receive a straight life annuity equal to one and five-tenths percent of his final average salary multiplied by the number of years, and a fraction of a year, of his credited service in force at the time of his retirement[.]"); *W. Va.Code,* 5–10–14(a) [1988] ("The board of trustees shall credit each member with the prior service and contributing service to which he is entitled based upon such rules and regulations as the board of trustees shall from time to time adopt[.]"). *See also W. Va.Code,* 5–10–2(12), (13) and (18) [1988].

6. At respondent's request, his appeal was not orally presented but was submitted on written documentation only.

his recommended decision, dated February 16, 1994, the hearing examiner recommended that respondent's application for additional service credit be denied on the grounds that respondent was classified as a temporary employee [7] at the DOH and, as such, did not meet the statutory requirements for membership in PERS.

*W. Va.Code,* 5–10–17 [1991] provides that "membership of [PERS] shall consist of . . . (a) [a]ll employees, as defined in [*W. Va. Code,* 5–10–2] [.]" *W. Va.Code,* 5–10–2(6) [1988] defines "employee," in relevant part, as

> any person who serves regularly as an officer or employee, full time, on a salary basis, *whose tenure is not restricted as to temporary* or provisional appointment, in

the service of, and whose compensation is payable, in whole or in part, by any political subdivision, or an officer or employee whose compensation is calculated on a daily basis and paid monthly or on completion of assignment [.] [8]

(emphasis and footnote added).

The hearing examiner's recommended decision was subsequently adopted by the Board. Respondent appealed the Board's decision to the Circuit Court of Randolph County. Though the circuit court adopted the hearing examiner's findings of fact and, specifically, the finding that respondent was classified as a temporary employee while at the DOH, it, nevertheless, reversed the Board's order and awarded respondent an

---

7. According to respondent, he forwarded his affidavit regarding the number of hours worked to Hearing Examiner DeBolt. However, the affidavit was not a part of the record originally before this Court. At the request of the Court during oral argument, respondent forwarded a copy of the affidavit for our review. Though it remains unclear whether the hearing examiner considered the affidavit, it appears that the circuit court reviewed it on appeal. Despite the confusion, the relevant information contained in the affidavit is not disputed and, in fact, was included in a letter from respondent to the hearing examiner prior to the latter's recommended decision in this case.

Based upon the evidence before him, Hearing Examiner DeBolt made the following findings of fact:

1. That [respondent] was hired as a salaried employee by the [DOH] on June 1, 1962, and continued as such until September 17, 1962.
2. That effective September 17, 1962, his pay changed from salary to hourly, which status continued until June 1, 1963.
3. That effective June 1, 1963, his pay changed back to salary, which status continued until September 13, 1963, when he resigned.
4. That during the periods when [respondent] was on salary he worked full time.
5. That during the period when [respondent] was paid on an hourly basis, he worked eighty hours per month according to his written submissions.
6. That during all of [respondent's] employment he was classified as a temporary employee by the [DOH] as reflected by the employer's records.

Hearing Examiner DeBolt also made the following relevant conclusions of law:

1. That the provisions of § 5–10–2(6) of the West Virginia Code[,] which restrict participation in the [PERS] to officers and employees whose tenure is not restricted as to tem-

porary or provisional employment[,] apply equally to those officers or employees whose rate of pay is calculated on an hourly basis as well as those who are paid monthly, bimonthly or weekly.
2. That the entirety of [respondent's] employment with the [DOH], being restricted as to temporary employment, does not qualify for the purpose of calculating service credit.
 . . . .
4. That there exists in the statutes governing the [PERS] no Legislative intent to extend service credit to employment during summer months and on a restricted hourly basis during the school year while a student unless the employment of such student-employee was in fact not restricted as being temporary or provisional.
5. That [respondent's] assertion that there can be no temporary category of employment because no employee is truly permanent has no merit, for many forms of employment are understood by all concerned to be of limited duration creating no expectation of long-term benefits such as pension plans, which are normally associated with employment for which there is not associated any limitation on duration save continued ability to perform the work or attaining the age of retirement.
6. That the rule of statutory construction to liberally construe a remedial statute to the benefit of the beneficiaries of the statute does not operate to confer a benefit where none is intended. *Flanigan v. West Virginia Public Employees' Retirement System,* 176 W.Va. 330, 342 S.E.2d 414 (1986).

8. Since respondent's employment at the DOH in 1962–63, minor changes have been made to *W. Va.Code,* 5–10–17(a) (formerly *W. Va.Code,* § 265(124)(a) [1961]) and *W. Va.Code,* 5–10–2(6) (formerly *W. Va.Code,* § 265(108)(6) [1961]). However, such changes do not affect this appeal.

additional year of service credit. In its May 15, 1994 order, the circuit court stated, *inter alia,*

> as a matter of fact, and it appears uncontroverted, that during the fifteen and a half (15–1/2) month period, from June 1, 1962, to September 13, 1963, the [respondent] was 'classified' as a temporary employee. It also appears uncontroverted that during the period of time in question, June 1, 1962, to September 13, 1963, the [respondent] accumulated more than 1,040 hours of service as an employee at any twelve (12) months during that fifteen and a half (15–1/2) month period of time.
>
> . . . .
>
> The Court finds that, although the Court adopts his Findings of Fact, the hearing examiner reached an incorrect conclusion of law in finding that the [respondent] failed to qualify for one year's service because of his employment with [the DOH]. Both the statutes and the case law direct that the rules be liberally construed and the rules have specified that employment for more than 1,040 hours during a one (1) year's period shall be considered as full time employment despite some artificial classification of either temporary or permanent.

As its order suggests, the circuit court was of the opinion that during respondent's employment at the DOH, which at all times was classified as "temporary," he met the statutory definition of "employee" because he was employed "full time" and his "compensation [was] calculated on a daily basis and paid monthly or on completion of assignment[.]" *W. Va.Code,* 5–10–2(6) [1988]. "Full time employment" is defined in 162 C.S.R. 5–7 as "[e]mployment of an employee by a participating public employer in a position which normally requires twelve (12) months per year service *and/or requires at least [1,040] hours per year service in that position is considered full-time employment.*" (emphasis added). The circuit court apparently calculated the number of hours respondent worked during his 15 and 1/2 month employment, which included the 160 hours per month during the summer months of 1962 and 1963, for which he was paid on a salary

basis, and the 80 hours per month during the remaining nine months, for which respondent was paid by the hour. Upon concluding that respondent "accumulated more than 1,040 hours of service as an employee at any twelve (12) months during that fifteen and a half (15–1/2) month period of time[,]" the circuit court awarded respondent one year's service credit on the grounds that "the rules have specified that employment for more than 1,040 hours during a one (1) year's period shall be considered as full time employment despite some artificial classification of either temporary or permanent."

## B.

■ The circuit court's legal determination that respondent met the statutory definition of "employee" for membership in PERS, entitling him to one year of service credit for his temporary employment at the DOH, is subject to *de novo* review by this Court: " 'Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. pt. 1, *In re Petition of City of Beckley,* 194 W.Va. 423, 460 S.E.2d 669 (1995).

As set forth above, the term "employee" is defined as

> any person who serves regularly as an officer or employee, full time, on a salary basis, whose tenure is not restricted as to temporary or provisional appointment, in the service of, and whose compensation is payable, in whole or in part, by any political subdivision, or an officer or employee whose compensation is calculated on a daily basis and paid monthly or on completion of assignment [.]

*W. Va.Code,* 5–10–2(6) [1988], in relevant part. Under the language of *W. Va.Code,* 5–10–2(6) [1988], an individual is a member of PERS if his or her employment is *full time and not restricted as to temporary or provisional appointment. Id.* Contrary to this statutory language, the circuit court failed to give proper consideration to the fact that respondent was classified as a "temporary" employee at all times during his employment

518

at DOH. Rather, the circuit court determined that respondent qualified as an "employee" under PERS based solely upon the finding that respondent worked the requisite number of hours for full-time employment under 162 C.S.R. 5–7, *supra*. We find this to be a misapplication of *W. Va.Code*, 5–10–2(6) [1988].

We hold that pursuant to *W. Va.Code*, 5–10–2(6) [1988], an individual is an employee for membership in the Public Employees Retirement System if such individual is employed full time and his or her tenure is not restricted as to temporary or provisional appointment. These requirements apply to any person who serves regularly as an officer or employee, on a salary basis, in the service of, and whose compensation is payable, in whole or in part, by any political subdivision, as well as to an officer or employee whose compensation is calculated on a daily basis and paid monthly or on completion of assignment.

### III.

Respondent, whose employment at the DOH was, at all times, classified as "temporary," was not an employee for membership in PERS and was, thus, not entitled to an additional year of service credit. *See Id.* It was, therefore, error for the circuit court to award respondent an additional year of service credit for his temporary employment at the DOH.[9] Accordingly, the May 15, 1994 order of the Circuit Court of Randolph County is hereby reversed.

Reversed.

---

9. We recognize and appreciate respondent's many years of public service. Ordinarily, the PERS provisions are "liberally construed so as to provide a general retirement system for the employees of the state herein made eligible for such retirement[.]" *W. Va.Code*, 5–10–3a [1961], in relevant part. However, this Court may not confer retirement benefits for employment where the legislature has not so authorized.