IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

**FILED**

**October 7, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

No. 14-0846

_____

ARDEN J. CURRY, II,
Petitioner Below, Petitioner

v.

WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Tod J. Kaufman
Case No. 14-AA-28

AFFIRMED

_____

Submitted:   September 2, 2015
Filed: October 7, 2015

Lonnie C. Simmons, Esq.                     J. Jeaneen Legato, Esq.
DiTrapano, Barrett, DiPiero, McGinley       Charleston, West Virginia
& Simmons, PLLC                             Counsel for Respondent
Charleston, West Virginia
Counsel for Petitioner

CHIEF JUSTICE WORKMAN delivered the Opinion of the Court.

1. "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

2. "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. Tax Dep't*, 195 W.Va. 573, 466 S.E.2d 424 (1995).

3. "'The "clearly wrong" and the "arbitrary and capricious" standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis.' Syllabus Point 3, *In re Queen*, 196 W.Va. 442, 473 S.E.2d 483 (1996)." Syl. Pt. 2, *Webb v. W. Va. Bd. of Med.*, 212 W.Va. 149, 569 S.E.2d 225 (2002).

4. "'Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the

enactments.' Syl. Pt. 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. Pt. 4, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984).

Workman, Chief Justice:

This is an appeal by Arden J. Curry, II, (hereinafter "Petitioner") from a decision of the Circuit Court of Kanawha County affirming a decision of the West Virginia Consolidated Public Retirement Board (hereinafter "Board") denying the Petitioner's request to participate in the Public Employees Retirement System (hereinafter "PERS") based upon the conclusion that he was not a full-time employee of the West Virginia Department of Agriculture (hereinafter "WVDA").

The Petitioner contends that the trial court erred in concluding he did not meet the statutory eligibility requirement of "full time" employment for participation in PERS. He maintains that this error is demonstrated by the undisputed fact that he worked in a job normally requiring twelve months per year of service, which was the definition of full-time employment for most of the years the Petitioner was employed. Subsequent to thorough review of the briefs, the record presented to this Court, the arguments of counsel, and applicable precedent, this Court affirms the decision of the Circuit Court of Kanawha County.

I.  Factual and Procedural History

From 1984 to 2013, with the exception of approximately four years, the

1

Petitioner served as general counsel to the WVDA. He worked from his own private law office and used the telephones, computers, and clerical staff located in his own office. He was also responsible for costs, which were not reimbursed by the WVDA. Although he was not required to keep a record of time spent working for the WVDA, he estimates that he spent approximately 200 to 300 hours per year as general counsel. The Petitioner was required to perform all legal services the WVDA requested of him, and he emphasizes that he was available to the WVDA at all times to provide counsel. While he acknowledges he never worked 1,040 hours or more per year, he contends that he did provide twelve months a year of service, in terms of his availability for advisement purposes.

The WVDA submitted employer and employee contributions to PERS on the Petitioner's behalf for approximately twenty-one years. Employer reports submitted to the Board indicated that the Petitioner was considered a full-time employee by the WVDA. The Board relied upon the employer reporting form and was unaware of the Petitioner's limited hours of employment until the Board received correspondence from the West Virginia Legislative Auditor's Office regarding this issue. By letter dated May 15, 2013, Londa Sabatino, Audit Manager, West Virginia Legislature Joint Committee on Government and Finance, notified the Board's Executive Director, Jeffrey E. Fleck, of her office's belief that the Petitioner was ineligible for participation in PERS. She attached a copy of a legal opinion dated May 8, 2013, drafted by Emma Case, counsel to the Joint Committee, to

support the Committee's position.

By letter dated June 17, 2013, the Board notified the Petitioner that he was not eligible to participate in PERS because he was not a full-time employee and did not meet the hourly requirement of 1,040 hours per year of service. By letter dated August 8, 2013, the Petitioner requested an administrative appeal. An administrative hearing was held on October 15, 2013, and on January 17, 2014, the hearing officer issued a decision which recommended that the Petitioner's request to participate in PERS should be denied because his limited hours of employment did not satisfy the definition of full-time employment, as contemplated by West Virginia Code § 5-10-2(11) (2013) and West Virginia Code of State Rules § 162-5-2.3.

The Board issued a final order on March 5, 2014, adopting the recommendations of the hearing officer. The Petitioner appealed that decision to the Circuit Court of Kanawha County, and on July 3, 2014, the circuit court entered an order affirming the Board's final order. The Petitioner now appeals to this Court.

## II. Standard of Review

The West Virginia Administrative Procedures Act, specifically West Virginia Code § 29A-5-4(g) (2012), governs the review of contested administrative decisions and

3

specifically provides:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:
>
> (1) In violation of constitutional or statutory provisions; or
> (2) In excess of statutory authority or jurisdiction of the agency; or
> (3) Made upon unlawful procedures; or
> (4) Affected by other error of law; or
> (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

This Court addressed the standard of review that applies to such matters in syllabus point one of *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996):

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

This Court has also held that "interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. Pt. 1, *Appalachian Power Co. v. Tax Dep't*, 195 W.Va. 573, 466 S.E.2d 424 (1995); *see also Crystal R.M. v. Charlie A.L.*, 194 W.Va. 538, 459 S.E.2d 415 (1995).

4

Addressing the deference to be accorded to an administrative agency, this Court has explained that "[i]n the absence of an error of law, factual findings by an administrative agency should be given great deference, and should not be disturbed on appeal unless clearly wrong or 'arbitrary and capricious.'" *Healy v. W. Va. Bd. of Med.*, 203 W.Va. 52, 55, 506 S.E.2d 89, 92 (1998). Pursuant to the arbitrary and capricious standard, a circuit court reviewing the factual findings of an administrative agency must "not substitute its judgment for that of the hearing examiner." *Woo v. Putnam Cty. Bd. of Educ.*, 202 W.Va. 409, 411, 504 S.E.2d 644, 646 (1998). As this Court summarized in syllabus point two of *Webb v. West Virginia Board of Medicine*, 212 W.Va. 149, 569 S.E.2d 225 (2002): "'The "clearly wrong" and the "arbitrary and capricious" standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis.' Syllabus Point 3, *In re Queen*, 196 W.Va. 442, 473 S.E.2d 483 (1996)." However, this Court has further recognized: "While this Court agrees with the proposition that the Board's interpretation is entitled to deference, it is imperative that a reviewing court also consider the possibility . . . that the Board's interpretation is erroneous." *West Virginia Consolidated Public Retirement Board v. Wood*, 233 W.Va. 222, 228, 757 S.E.2d 752, 758 (2014). With these standards as guidance, we proceed to evaluate the arguments of the parties.

III. Discussion

Pursuant to West Virginia Code § 5-10-2(11), an employee entitled to participate in PERS, "means any person who serves regularly as an officer or employee, full time, on a salary basis, whose tenure is not restricted as to temporary or provisional appointment, in the service of . . . any political subdivision. . . ." West Virginia Code § 5-10-17(d) (2013) provides: "If question arises regarding the membership status of any employee, the Board of Trustees has the final power to decide the question."

The Legislature, pursuant to West Virginia Code § 5-10-5 (2013), granted the Board "authority to make all rules and regulations" necessary to effectuate PERS. Thus, although a definition of "full time" employment is not provided by statute, the current version of § 162-5-2.3 of the West Virginia Code of State Rules defines full-time employment as follows: "Full-time employment. - Employment of an employee by a participating public employer in a position which normally requires twelve (12) months per calendar year service *and* requires at least one thousand forty (1,040) hours per calendar year service in that position." *Id*. (emphasis added).

Pivotal to the Petitioner's argument, however, the version of that rule in effect at the time of his hiring and until May 2005 defined full-time employment as "[e]mployment of an employee by a participating public employer in a position which normally requires twelve (12) months per year service *and/or* requires at least one thousand forty (1,040) hours

6

per year service in that position. . . ." *See* W. Va. C.S.R. § 162- 5-7 (1982)[1] (emphasis added). The Petitioner asserts that he satisfied the definition of full-time employment when the rule included the phrase "and/or" because he worked in a position which customarily requires twelve months per year service and worked hours during every calendar month of the years in question.

The Petitioner argues that the 2005 alteration to the full-time employment definition cannot be retroactively applied to him to his detriment. Specifically, relying upon this Court's decision in *Booth v. Sims*, 193 W.Va. 323, 456 S.E.2d 167 (1995), he argues that the Board cannot, by changing the definition of full-time employment, deprive him of his vested rights to participate in PERS. In *Booth*, this Court addressed an employee's expectation of receiving benefits and held that once an employee had relied on a promise of certain benefits, the Legislature was prohibited from removing those benefits without providing something of equal value. *Id.* at 340, 456 S.E.2d at 184. This Court also recognized the difficulty employees may encounter in attempting to produce tangible evidence of reliance to their detriment, and held that "after ten years of state service detrimental reliance is *presumed*." *Id.* (emphasis added).

---

[1]West Virginia Code of State Rules § 162-5-7 was in effect until May 2005. At that time, the rule defining full-time employment was altered and is now contained in West Virginia Code of State Rules § 162-5-2.3.

Thus, the Petitioner contends that the Board failed to consider that prior to the 2005 alteration, the definition of full-time employment *only* required a participating employee to meet *one of two requirements*, a job normally requiring twelve months per year of service *and/or* at least 1,040 hours per year of service in that position, instead of both. He emphasizes that "[n]o one disputes that he held a position that normally required twelve months per year of service."[2]

In response to the Petitioner's assertions, the Board directs this Court's attention to the holding of *West Virginia Consolidated Public Retirement Board v. Jones*, 233 W.Va. 681, 760 S.E.2d 495 (2014). While the Board finds *Jones* dispositive of the current matter, this Court disagrees. The *Jones* decision, although based upon a seemingly similar underlying factual pattern, answers an entirely different question. In *Jones*, the employee was on-call with the Raleigh County Emergency Service Authority, working approximately 200 hours per year for the Authority but also maintaining a separate law practice. *Id*. at 682, 760 S.E.2d at 496. After Mr. Jones and his employer had made timely payments into PERS for almost nine years, the Board notified him that it intended to refund his contributions based upon the Board's conclusion that he was ineligible to participate in PERS because he

---

[2]The evidence presented to the hearing officer and the circuit court included testimony from the Petitioner; Brenda Mobley, personnel manager for the WVDA; and Gus R. Douglass, Commissioner of the WVDA during the relevant time periods. These individuals identified the Petitioner's employment as requiring work in each of the twelve months of the calendar year.

8

was not a full-time employee. The circuit court held that the Board was equitably estopped from denying Mr. Jones' participation in PERS due to his reliance on his employer's representations regarding his eligibility. This Court reversed, holding that *the Board was not estopped* from denying Mr. Jones' participation in PERS based upon his employer's misrepresentations regarding his eligibility. *Id.* at 687, 760 S.E.2d at 501.

Because the *Jones* holding addresses the issue of *equitable estoppel,* it is entirely distinct from the particular issue presented in the case sub judice. The only application of the *Jones* holding to the present case, as the Petitioner observes, is that it compels the Petitioner to concede the mootness of his argument concerning reliance on his employer's promise of PERS participation. Beyond that, the *Jones* case is of no consequence to the matter currently before this Court.

In support of its position, the Board further references this Court's decision in *In re Cain,* 197 W.Va. 514, 476 S.E.2d 185 (1996). We find that holding equally inapposite. In *Cain*, the employee, classified as termporary, relied upon the pre-2005 version of the regulation defining full-time employment and argued that he qualified as a full-time employee because he had worked more than 1,040 hours, even though he did not work twelve months per year. *Id.* at 517, 476 S.E.2d at 188. This Court held that satisfaction of the requirement of the legislative rule regarding full-time employment did *not* qualify him

9

for PERS participation because the statute specifically *excludes* employees classified as "temporary" from participation in PERS, regardless of the number of hours worked. *Id.* at 518, 476 S.E.2d at 189.[3] That factual scenario does not exist in the present case. Mr. Cain served as a temporary employee, but the Petitioner did not. Thus, the *Cain* decision is not helpful to our analysis herein.

The dispositive issue in the present case is whether the Petitioner, as the Board contends, is statutorily prohibited from participating in PERS based upon the nature of his public employment. The Petitioner asserts that he satisfied one of the two requirements for full-time employment in the legislative rule as it existed at the time of his hiring and for more than ten years subsequent to his hiring date. Specifically, he argues that despite the fact he did not work 1,040 hours per year, he is entitled to participation in PERS as an employee working in a position that normally requires twelve months per year service.

We agree with the Petitioner's contention that the legislative rule in effect at the time of his hiring, and for more than ten years after his hiring, entitles him to consideration under that rule. This conclusion is consistent with this Court's holding on the issue of detrimental reliance in *Booth*, addressed above. Further, we agree with the

---

[3]*See* W.Va. Code § 5-10-2(11) (providing that an employee "means any person who serves regularly as an officer or employee, full time, on a salary basis, whose tenure is not restricted as to temporary or provisional appointment. . . .").

10

Petitioner's argument that the phrase "and/or" unquestionably signifies that the definitional requirement for full-time employment can be satisfied in *either of the two manners* identified in the rule.[4]  Thus, under the former version of the rule applicable to the Petitioner, the Petitioner could qualify as a participant in PERS by *either* working 1,040 hours per year, which he concedes he did not, *or* by working in a position which normally requires twelve months service per year.

The Petitioner's suggested *application* of the definition enunciated in the rule strains credulity; he contends that he satisfied the requirements for full-time employment by working 200 to 300 hours per year, some of which were worked in each calendar month. Adoption of the Petitioner's proposed resolution arguably would permit an individual working one hour per month for twelve months to qualify as a full-time employee for purposes of the retirement provision.  This outcome would be patently contrary to West Virginia Code § 5-10-2(11), which sets forth the criteria for eligibility to participate in PERS, namely, employees who provide regular full-time service to this State.  "The clear intention of the Legislature in enacting Article 10, Chapter 5 of the Code was to establish a permanent

_____

[4]This Court has held that "'where the disjunctive "or" is used, it ordinarily connotes an alternative between the two [or more] clauses it connects.'"  *State v. Taylor*, 176 W.Va. 671, 675, 346 S.E.2d 822, 825 (1986) (citations omitted).  The Petitioner's interpretation is consistent with the standard definition of the term "and/or."  *See generally* Webster's Third New Int'l Dictionary 80 (unabridged ed. 1993) ("and/or" is "used as a function word to indicate that words are to be taken together or individually <men *and/or* women means men *and* women or men *or* women>").

retirement system for state employees and the employees of those political subdivisions which elected to become participating employers." *State ex rel. McDaniel v. Duffield*, 149 W. Va. 19, 26, 138 S.E.2d 351, 355 (1964). In the interests of advancing actuarial soundness, it is necessary that we apply the language of the legislative rule in a manner which is consistent with the legislative intent of the statute.

Furthermore, the Petitioner's suggested application of the legislative rule disregards the specific definition of the term "month," as provided in West Virginia Code § 5-10-14(a)(1) (2013). That statute requires service for a *minimum of ten days* in any calendar month to receive *a month* of service credit.[5] "'Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.' Syl. Pt. 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl. Pt. 4, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984).

## IV. Conclusion

The record clearly reflects that the Petitioner never worked more than approximately three hundred hours in any one year. As the Board contends, it is ludicrous

---

[5]The record does not reveal any time records indicating that the Petitioner worked any certain number of days per month.

12

to conclude that employment for 300 hours per year could constitute full-time employment, even under the definition of "full-time" which included working in a position that normally requires twelve months service per year. Based upon the foregoing, this Court holds that the Petitioner is not statutorily eligible to participate in PERS, and he and his former employer should be refunded the contributions made on his behalf. Thus, this Court affirms the order of the Circuit Court of Kanawha County; we do so, however, on different grounds than those identified by the circuit court.[6] The lower court addressed the 2005 alteration in the definition of full-time employment, changing "and/or" to "and." The circuit court reasoned: "Regardless of this ambiguous language, the statute has always required full-time participation in PERS and that W.Va. Code § 5-10-17(d) grants the Board the authority to decide membership issues."

Rather than adopting that rationale, this Court finds that even when the applicable rule is interpreted as written, imparting full meaning to the term "and/or," we do not find that the Petitioner satisfied the eligibility of requirements of *either* 1,040 hours per year *or* working in a position requiring twelve months of service. Thus, the Petitioner is

---

[6]This Court has consistently recognized that we may affirm on grounds different than those relied upon by a trial court. *See Schmehl v. Helton*, 222 W.Va. 98, 106 n.7, 662 S.E.2d 697, 705, n.7 (2008) ( "[T]his Court may in any event affirm the circuit court on any proper basis, whether relied upon by the circuit court or not."); *Murphy v. Smallridge*, 196 W.Va. 35, 36-37, 468 S.E.2d 167, 168-69 (1996) ("An appellate court is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support.").

13

ineligible for the fundamental reason that even under the former rule, he does not meet either of the enunciated eligibility standards.[7]

Affirmed.

---

[7]In its brief to this Court, the Board also raises the issue of whether the Petitioner should be considered an independent contractor rather than an employee. The Petitioner observed in response that this issue was not raised below and is not factually supported. This Court declines to address that issue in this appeal, and this matter is resolved favorably toward the Board on other grounds.