# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Karen's Cookie Carnival, Inc.,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0896** (Kanawha County 21-AA-20)

**West Virginia Lottery Commission,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Karen's Cookie Carnival, Inc., appeals the Circuit Court of Kanawha County's October 6, 2021, order affirming the West Virginia Lottery Commission's July 22, 2020, order imposing a $92,100 penalty and revoking petitioner's limited video lottery ("LVL") license.[1] The Commission's order was based on its finding that petitioner accepted and held personal and payroll checks from customers to allow the customers to play the LVL terminals on credit in violation of West Virginia Code § 29-22B-702(10) and 179 C.S.R. § 5-35. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner, which was under the same ownership and in the same location as Phillip Mann Realty, Inc. ("Mann Realty"), obtained a LVL license in 2002. In 2009 petitioner was issued a civil penalty warning letter for cashing patrons' checks to be used in LVL terminals in violation of West Virginia Code § 29-22B-702(10), which provides, in relevant part:

> In addition to the general duties imposed on all licensees in § 29-22B-701 of this code, a limited video lottery retailer shall: . . . (10) Provide no access by a player to an automated teller machine (ATM) in the restricted access adult-only facility where video lottery games are played, accept no credit card or debit card from a player for the exchange or purchase of video lottery game credits or for an advance of coins or currency to be utilized by a player to play video lottery games, and extend no credit, in any manner, to a player so as to enable the player to play a video lottery game; . . . .

In 2018, a former employee of petitioner reported that it was common practice for petitioner to

---

[1] Petitioner is represented by Johnson W. Gabhart, and the Commission is represented by Patrick Morrisey and Cassandra L. Means.

accept checks and provide proceeds to patrons for LVL play. Following an investigation, by letter dated July 16, 2018, the Commission assessed a $100 civil penalty against petitioner for a first offense of extending credit in violation of § 29-2B-702(10).

In 2019, petitioner again came to the Commission's attention when the Commission received a complaint from another former employee of petitioner, who reported that petitioner was cashing checks for certain LVL players. The Commission again investigated, obtaining financial records for both petitioner and Mann Realty (because the vast majority of the checks at issue were payable to Mann Realty), in addition to video footage from inside petitioner's establishment and information from witnesses. After conducting meetings, during which Phillip Mann appeared with counsel, the Commission voted unanimously to issue a civil penalty to petitioner in the amount of $92,100, which represented a fine of $100 per violation, and to revoke petitioner's LVL license for "blatant" and "egregious" violations of extending credit.

Petitioner requested a hearing, and a hearing examiner was appointed. The hearing examiner held a two-day hearing in November and December of 2020, and issued his recommended decision affirming the Commission's order on February 1, 2021. By order entered on February 24, 2021, the Commission adopted that recommended decision. This appeal stems from the circuit court's affirmation of the Commission's order. This is an administrative appeal, and, as this Court has long held, insofar as our review is governed by the same standards that apply to the circuit court, we recognize that,

> [u]pon judicial review of a contested case under the West Virginia Administrative Procedure[s] Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Shepherdstown Volunteer Fire Department v. Human Rights Commission*, 172 W. Va. 627, 309 S.E.2d 342 (1983). *Accord, Texas E. Transmission, LP v. W. Virginia Dep't of Env't Prot., Div. of Mining & Reclamation*, 240 W. Va. 131, 137, 807 S.E.2d 802, 808 (2017).

On appeal, petitioner first asserts that the circuit court erred by concluding there was substantial evidence in the record that petitioner knew or had reason to know that the proceeds of cashed checks would be used solely to play LVL games. Petitioner does not dispute that 921 checks were cashed in its establishment between January 5, 2018, and December 20, 2019, totaling $277,663.94. One witness testified that she cashed her payroll checks at the petitioner business at

least every week for a year, that "they [petitioner's employees] knew I was going to use the cash I received from them to play the poker machines," and she was not a client of Mann Realty. Further, petitioner's counsel agreed at the hearing that it was "quite obvious," given the proximity of the counter to the machines in the petitioner business, that some people who cashed checks used the money to play the LVL machines. Another witness admitted that all checks written by her and accepted by petitioner were for the sole purpose of playing LVL games.[2] Based upon this evidence and testimony, we find that petitioner has not shown that the Commission's findings are in violation of any of the standards set forth in *Shepherdstown Volunteer Fire Department*.

Petitioner next asserts that it did not "hold" checks and it, therefore, did not convert them into credit instruments. However, this argument ignores the fact that, as the circuit court found seven checks were postdated for a sufficient length of time to lead a reasonable person to believe that the checks were being held to ensure sufficient funds in the patrons' accounts. Furthermore, seventy of the checks were held past petitioner's typical weekly deposit cycle. Based on the large number of postdated checks and "held" checks, we find that petitioner failed to show that the Commission's or the circuit court's orders satisfy the *Shepherdstown Volunteer Fire Department* standards.

Finally, petitioner argues that the imposition of a $92,100 fine and revocation of its license is arbitrary and capricious and constitutes an abuse of discretion. West Virginia Code § 29-22B-1602(f) provides:

> For violating the provisions of subdivision (10), subdivision (13) or subdivision (14) of section 29-22B-702 of this article, the limited video lottery retailer shall be fined:
> (1) One hundred dollars for a first violation;
> (2) One thousand dollars for a second violation;
> (3) Five thousand dollars for a third violation.
> For each subsequent violation the fine imposed by the commission shall increase by an additional five thousand dollars.

The $92,100 penalty was a "first violation" fine of $100 for each of the 921 checks. The Commission did not graduate the monetary penalties to $1,000 or $5,000 for the subsequent violations, which, by statute, it could have done, particularly because petitioner had been cited for previous violations in 2009 and 2018. In addition, the Commission had the authority to revoke petitioner's LVL license pursuant to West Virginia Code § 29-22B-1601.[3] Moreover, the

---

[2] Further, as the circuit court found, the preponderance of the evidence establishes that the proceeds of the checks made out to Mann Realty were initially deposited in a Mann Realty account and then transferred to petitioner's account in order to fund its Lottery "sweep" account.

[3] The commission may impose the civil penalties provided for in this part 16. These civil penalties may be imposed in conjunction with one or more other civil penalties

(Continued . . .)

Legislature specifically set forth the following:

> In addition to any other powers and duties set forth in this article or article 22 of this chapter, the lottery commission has the following powers and duties: . . .
> (12) Upon complaint, or upon its own motion, to levy civil penalties and to suspend or revoke licenses that the lottery commission has issued for failure to comply with any applicable provision of this article or rule of the commission; . . .
> (17) To impose and collect civil penalties as provided for under this article; . . . .

W. Va. Code § 29-22B-402, in part. Under the statutory penalty scheme and the authority granted to the Commission by statute, it is clear that the monetary penalty and revocation of petitioner's license are supported by substantial evidence or a rational basis. Syl. Pt. 3, *Curry v. W. Va. Consol. Pub. Ret. Bd.*, 236 W. Va. 188, 778 S.E.2d 637 (2015). Therefore, the Commission's imposition of the same is entitled to deference. *Id.* For these reasons, we find that petitioner is not entitled to relief on this ground.

Affirmed.

**ISSUED:**  December 6, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**DISSENTING:**

Chief Justice John A. Hutchison
Justice C. Haley Bunn

HUTCHISON, Chief Justice, dissenting, joined by Justice Bunn:

I dissent to the majority's resolution of this case.  I would have set this case for oral argument to thoroughly address the error alleged in this appeal.  Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision.  Accordingly, I respectfully dissent.

I am authorized to state that Justice Bunn joins me in this dissent.

---

provided in this part 16 and in conjunction with a license suspension or revocation or other administrative action taken against a licensee, . . . .

W. Va. Code § 29-22B-1601, in part.