STATE *ex rel.* L. C. WHITE, *et al*

*v.*

G. KEMP MELTON, *Sheriff, etc.*

(No. 14983)

Decided December 19, 1980.

*Betty L. Caplan and Cletus B. Hanley* for relators.

*Charles King, Jr.,* Assistant Prosecuting Attorney, for respondent.

HARSHBARGER, JUSTICE:

A search warrant was issued by Kanawha County Magistrate Phyllis Gatson at the behest of officers who alleged they had purchased a Schedule I non-narcotic

controlled substance from David White. The warrant authorized search of the home of L. C. and Katherine White, David's parents, for " . . . Controlled Substances listed in the Uniform Controlled Substance Act, of the Official Code of the State of W. Va. [and] U. S. Currency (2) $20.00 Bills F07585186A, J29817596A . . . . "

Officers seized various illegal drugs, including marijuana and LSD; and they took $11,220 from a shopping bag in a freezer in the dining room, $78 in $2.00 bills, $449 cash from a dresser drawer, and $800 in a brown metal box. None of the bills corresponded to the marked currency listed in the warrant.

Then Magistrate Gatson issued arrest warrants for Mr. and Mrs. White, but after preliminary hearing decided there was no probable cause to hold them for grand jury action, and upon their motion ordered the money returned to them. A few months later David was arrested for violation of Code, 60A-4-401, which is our controlled substances act.

Kanawha County's prosecutor petitioned in circuit court to prohibit the magistrate from effecting return of the money, and that court issued a rule to show cause. Before the rule's return day we ordered the county sheriff, who has the money, to show cause why he should not give it to Mr. and Mrs. White.

They predicate their right to the money on Code, 62-1A-6 and 62-1A-7:

§62-1A-6. Motion for return of property and to suppress evidence.

> A person aggrieved by an unlawful search and seizure may move for the return of the property and to suppress for use as evidence anything so seized on the ground that (1) the property was illegally seized without a warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally

executed. *If the offense giving rise to the issuance of the warrant be one which a magistrate has jurisdiction to hear and determine, the motion may be made to him. If the offense is cognizable only before a court of record the motion shall be made to the court having jurisdiction.* The judge or magistrate shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be returned unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion may be made before trial or hearing upon three days' notice, or, the motion may be made or renewed at the trial or hearing. (Emphasis added.)

§62-1A-7. Disposition of seized property.

Property taken pursuant to the warrant shall be preserved as directed by the court or magistrate for use as evidence and thereafter shall be returned, destroyed or otherwise disposed of as the court or magistrate may direct.

The officers rightfully seized other contraband. *State v. Duvernoy,* 156 W.Va. 578, 586, 195 S.E.2d 631 (1973); *see State v. Thomas,* 105 W.Va 346, 143 S.E. 88 (1928); 44 Op. Atty. Gen. 313 (1951). But the $12,587 was not property described in the warrant.

Our constitution requires that a warrant particularly describe the thing to be seized.[1] "The property to be seized must be described within the warrant itself or within the sworn complaint expressly made a part of the warrant by direct reference thereto. A search warrant should not be made a catchall dragnet." *State v. Greer,* 130 W.Va. 159, 164-165, 42 S.E.2d 719, 723 (1947). *See Marron v. United States,* 275 U.S. 192, 195-196, 48 S.Ct. 74, 72 L.Ed.2d 231 (1927); *see generally Coolidge v. New Hampshire,* 403 U.S.

---

[1] W. Va. Const. art. III, §6:

"The rights of the citizens to be secure in their houses, persons, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized."

443, 466-467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1970); *Stanley v. Georgia*, 394 U.S. 557, 570, 89 S.Ct. 1243, 1250, 22 L.Ed.2d 542 (1969) (Stewart, Brennan, White, J., concurring); *United States v. Dzialak*, 441 F.2d 212 (2d Cir. 1971); *United States v. Dichiarinte*, 445 F.2d 126, 129 (7th Cir. 1971); *United States v. Highfill*, 334 F. Supp. 700 (E.D. Ark. 1971); 79 A.L.R.2d 1005, 1009, §2; 79 C.J.S. Searches and Seizures §81(c) and §83(e); 68 Am.Jur.2d Searches and Seizures §113; *but see Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1624, 18 L.Ed.2d 782 (1967); *State v. Hamilton*, ___ Iowa ___, 236 N.W.2d 325 (1975); *Crawford v. State*, 9 Md. App. 624, 267 A.2d 317 (1970); *State v. Severtson*, 304 Minn. 487, 232 N.W.2d 95 (1975), all requiring a nexus between criminal activity and additional property seized.

The state has no right to take or retain that money; it should be restored to the owner. *State v. Andrews*, 91 W.Va. 720, 114 S.E. 257 (1922); 79 C.J.S. Searches and Seizures §91. With respect to motions for the return of seized property, "[s]hould the court rule in favor of the movant, the trial judge will invariably direct that the property illegally obtained from the possession of the accused be returned." J. Varon, Searches, Seizures and Immunities 896 (2d Ed. 1974). The Michigan Supreme Court stated, quoting from *People v. Rosa*, 11 Mich. App. 157, 161, 160 N.W.2d 747, 748 (1968):

> "A similar illegal seizure of cash was faced and decided under the principles of the 4th Amendment in Berkowitz v. United States (CA 1, 1965), 340 F.2d 168, 8 A.L.R.3d 463). It was stated in that opinion that the basic concept of our American system incorporated in the 4th Amendment is that men have the right to be left in possession of their property unless valid authority for disturbing that possession can be shown to be based upon law. No complicated questions of title will be faced, as all that need be decided concerning seized property is the superior right of possession as between the seizing authority and the one from whom the property was seized . . . . In the case of the seizure of noncontraband property, public policy against the unconstitutional seizure of property is so

strong as not to allow undue vexation or delay in recovering property wrongfully seized."

> *County of Oakland v. Bice*,
> 386 Mich. 143, 191 N.W.2d 338,
> 342 (1971).

The Whites are "persons[s] aggrieved by an unlawful search and seizure," because of their ownership of the residence searched,[2] who have a statutory right to move for return of the money.

Is "the offense giving rise to the issuance of the warrant ... one which the magistrate has jurisdiction to hear and determine", or is it "cognizable only before a court of record" requiring decision by that court about return of the money?

Magistrates "have jurisdiction of all misdemeanor offenses committed in the county and to conduct preliminary examinations on warrants charging felonies committed within the county." Code, 50-2-3. Violation of Code, 60A-4-401(a), charged in the warrant, is a felony. A preliminary hearing on a felony is within a magistrate's jurisdiction. If a magistrate determines that no probable cause exists, "the defendant shall be discharged," Code, 62-1-8. Thus it follows that discharge of a felony defendant is within a magistrate's jurisdiction. If a magistrate has jurisdiction over a person charged in a felony warrant throughout the preliminary examination stage, and can release that person, surely he has jurisdiction to return property unlawfully seized for which there was no warrant.

Had the property been seized pursuant to felony warrants against the Whites, Gatson clearly had jurisdiction. But that is not this case. The money was seized by authority of a search warrant obtained upon allegations of David's felonious conduct. The circuit court, where David White's felony charges are pending, has jurisdiction to order the money's return, not the magistrate.

---

[2] *See* by analogy, Federal Rules of Criminal Procedure 41(e) and annotations 18 U.S.C.A. Rule 41, Note 586; Varon, Searches, Seizures and Immunities, *supra* at 898.

Mandamus is a proper remedy because although petitioners can file in the circuit court per Code, 62-1A-6, they are not limited to that forum. The 62-1A-6 remedy is not exclusive for parties not being held to answer for the crime upon which is based the state's right to search.

> "Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is not equally as beneficial, convenient and effective, mandamus will lie." Syl. pt. 5, *State ex rel. Vance v. Arthur*, 142 W.Va. 737, 98 S.E.2d 418 (1957).
> *State ex rel. Lemley v. Roberts*, ___ W.Va. ___, 260 S.E.2d 850 (1979), Syl. Pt. 1.

We explained in *Eureka Pipe Line Co. v. Riggs*, 75 W.Va. 353, 83 S.E. 1020, 1021-1022 (1915):

> But the other remedy must not only be adequate in the general sense of the term, but it must be specific and appropriate to the circumstances of the particular case, and as will enforce a right or performance of the duty, and such remedy can not be said to be fully adequate unless it reaches the end intended and actually compels performance of the duty in question. And as some of the books put it, the controlling question is not, has the party a remedy at law, but is that remedy fully commensurate with the necessities and rights of the party under all the circumstances of the particular case?

The Whites had their money seized by the sheriff in March. Their constitutional rights, as provided in U.S. Const. amend. IV made applicable through the Fourteenth Amendment and W. Va. Const. art. III, §6, were violated by the unreasonable seizure of their property without a warrant, and they are entitled to its immediate return.

*Writ granted.*