22781

The STATE, Respondent v. David R. HALL and one store building known as Darlington Home Movie Rentals, 125 Cashua Street, Appellant.

(360 S. E. (2d) 323)

Supreme Court

*W. Gaston Fairey,* of *Fairey & Parise,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Carolyn M. Adams,* and *Norman Mark Rapoport,* Columbia, and *Solicitor J. Dupre Miller,* Bennettsville, *for respondent.*

Heard June 8, 1987.

Decided Sept. 8, 1987.

FINNEY, Justice:

Appellant David R. Hall, hereinafter referred to as Darlington Home Movie Rentals, appeals a circuit court order authorizing the seizure of adult movies or videotapes, asserting that seizure of the previously unreviewed tapes violated his First, Fourth and Fourteenth Amendment rights

under the United State Constitution and South Carolina Code Section 16-15-270. We agree and reverse.

Darlington police officers purchased four adult movies from Darlington Home Movie Rentals. Judge Sidney T. Floyd viewed these tapes to determine whether they violated the state's obscenity statutes. *See,* S. C. Code Ann. § 16-15-260 (1985). Judge Floyd made a judicial determination that the tapes were obscene and that probable cause existed for issuance of a search and seizure warrant. On December 12, 1985, the court issued a temporary restraining order prohibiting removal of such material, and an order authorizing a search of the premises and the seizure of "additional and like suspect material." Subsequently, Darlington police officials searched appellant's premises and seized 45 "adult" videotapes located in his business establishment.

On July 11, 1986, appellant moved before Judge Ralph King Anderson, Jr., to have the videotapes not involved in the obscenity prosecution returned to him on the ground that the seizure was improper.[1] Judge Anderson concluded that he was without authority to disturb Judge Floyd's order and refused to return the videotapes. Appellant appeals.

Appellant argues that the court erred in ordering the seizure of "additional and like suspect material" rather than ordering the seizure of copies of the four movies viewed because the former constituted a blanket order and warrant authorizing an illegal search and seizure.

The principal theory of the warrant clause is that unjustified and arbitrary searches and seizures are prohibited. *See, Johnson v. United States,* 333 U. S. 10, 68 S. Ct. 367, 92 L. Ed. 436 (1948); *State v. Sachs,* 264 S. C. 541, 216 S. E. (2d) 501 (1975). The legislature has promulgated statutory procedures by which the seizure of judicially determined obscene material is to be conducted. Section 16-15-270 of the South Carolina Code provides:

---

[1] Appellant was not indicted for possessing or disseminating the 45 videotapes seized pursuant to the court's order. Charges against him emanating from the initial purchase of four videotapes were disposed of by appellant's guilty plea to one count of disseminating obscene material; the other three counts were *nolle prossed.*

(d) A circuit judge may issue warrants for search and seizure to authorize seizure of single copies of suspect material in order to preserve evidence, but only after he has determined the existence of probable cause based upon a viewing of the allegedly obscene material itself or upon examination of factual allegations contained in any affidavit in support of such warrant.

. (e) Any warrant or order of seizure shall describe with particularity the premises to be searched and identify the material to be seized by name, title or fair description ... S. C. Code Ann. § 16-15-270 (1985).

These statutory provisions impose a limitation upon the search and seizure of printed material. *State v. Barrett*, 278 S. C. 92, 292 S. E. (2d) 590 (1982).

Section 16-15-270(e) unambiguously states that the order or warrant of seizure shall identify material to be seized by title or fair description. The 45 tapes seized were not identified by name, title or fair description as required by the statute. The general language of the order does not identify the obscene material to be seized, nor does it present a fair description of obscene material. "Additional and like suspect material" is impermissibly broad and so nondescriptive as to render the resulting warrant a general warrant, in violation of the Fourth Amendment to the United States Constitution. *See, Warden v. Hayden*, 387 U. S. 294, 87 S. Ct. 1642, 18 L. Ed. (2d) 782 (1967). The warrant, as authorized by the court's order, lacked the degree of specificity required under the statutes. S. C. Code Ann. §§ 16-15-260, 270 (1985).

Accordingly, we hold that seizure of the 45 adult videotapes, excluding the tapes and copies used in appellant's prosecution, was not in compliance with the statute. Therefore, these videotapes shall be returned to the appellant. *See, e.q., State ex rel. White v. Melton*, 166 W. Va. 249, 273 S. E. (2d) 81 (1980). *See also, State v. Ellis*, 156 Ga. App. 779, 275 S. E. (2d) 361 (1980).

Reversed.

NESS, C. J., GREGORY and HARWELL, JJ., and LITTLEJOHN, Acting Associate Justice, concur.