# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Wade Brining**

No. 12-1409 (Randolph County 12-P-39)

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wade Brining, appearing *pro se*, appeals the order of the Circuit Court of Randolph County, entered September 13, 2012, that dismissed his motion for the return of unlawfully seized property for a failure to state a claim on which relief can be granted. Respondent State of West Virginia, by counsel Laura Young, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to petitioner, he is a former resident of Randolph County, West Virginia. Presently, he is serving a prison sentence in the State of Ohio for kidnaping. On June 14, 2012, petitioner filed a motion for the return of unlawfully seized property in the Circuit Court of Randolph County. The circuit court ordered that the motion be forwarded to respondent and directed that respondent file a response.

On July 27, 2012, respondent filed a motion to dismiss petitioner's motion. Respondent stated that petitioner had absconded from Ohio with a minor[1] and that the items in the property receipt petitioner attached as an exhibit to his motion were seized pursuant to a search warrant issued by the Magistrate Court of Randolph County. Petitioner filed a reply to respondent's motion to dismiss on August 10, 2012. On August 17, 2012, the circuit court dismissed petitioner's motion for the return of unlawfully seized property for a failure to state a claim on which relief can be granted. Petitioner now appeals the circuit court's August 17, 2012 order.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Also, "[a] party aggrieved by an unlawful seizure of property by a law officer

---

[1] According to respondent, petitioner's criminal conduct included sexual activity with the minor.

1

may seek the property's return by a [W.Va. Code §] 62-1A-6 motion in the proper forum or by mandamus." Syl. Pt. 4, *State ex rel. White v. Melton*, 166 W.Va. 249, 273 S.E.2d 81 (1980).[2]

On appeal, petitioner asserts that respondent has yet to file criminal charges in his case. Respondent counters that the West Virginia investigation into petitioner's criminal activity is ongoing, citing *State v. Carrico*, 189 W.Va. 40, 43, 427 S.E.2d 474, 477 (1993), which states that "West Virginia has no statute of limitations affecting felony prosecutions." Accordingly, respondent argues that petitioner prematurely filed his motion for the return of unlawfully seized property.

In *White*, this Court ordered the return of $12,587 in cash and cited to West Virginia Code § 62-1A-7: "Property taken pursuant to the warrant shall be preserved as directed by the court or magistrate for use as evidence and thereafter shall be returned, destroyed or otherwise disposed of as the court or magistrate may direct." 166 W.Va. at 251, 273 S.E.2d at 82 (quoting W.Va. Code § 62-1A-7). The $12,587 was ordered returned to the parents of a man later arrested under the controlled substances act. 166 W.Va. at 250, 273 S.E.2d at 82. While arrest warrants had also been issued for the parents, the magistrate court found at the preliminary hearing that no probable cause existed to hold them over for grand jury action. *Id.* Similarly, in *State v. Gibson*, 183 W.Va. 210, 394 S.E.2d 905 (1990), we reversed a circuit court's order denying a motion for the return of a motor vehicle to a person whose criminal charges had been dismissed. Petitioner's case is distinguishable from both *White* and *Gibson* because, while criminal proceedings in Ohio have concluded, the West Virginia investigation is ongoing.[3] Therefore, respondent is correct that petitioner's motion was premature. Therefore, after careful consideration, this Court concludes that the circuit court did not err in dismissing petitioner's motion for the return of unlawfully seized property.

For the foregoing reasons, we affirm.

Affirmed.

---

[2] The option to proceed in mandamus is available only to persons "not being held to answer for the crime upon which is based the state's right to search." 166 W.Va. at 254, 273 S.E.2d at 84.

[3] In his reply, petitioner argues that if respondent's investigation is ongoing, it must bring him to trial within 180 days, citing the Interstate Agreement on Detainers. *See State ex rel. Modie v. Hill*, 191 W.Va. 100, 443 S.E.2d 257 (1994). However, petitioner offers no evidence that respondent has lodged a detainer with Ohio regarding him; therefore, the Interstate Agreement on Detainers is not implicated in this case.

**ISSUED:**    October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II