# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Billy Shaffer,**
**Plaintiff Below, Petitioner**

**vs) No. 14-0954** (Kanawha County 11-C-1368)

**City of South Charleston, a West Virginia municipal**
**corporation, Pat C. Rader, employee of the City of**
**South Charleston, Robert Yeager, employee of the**
**City of South Charleston, Dow Chemical Corporation,**
**a foreign corporation authorized to do business in**
**West Virginia, Mary Byrd, a Dow Chemical employee,**
**Jim Jones, II, a Dow Chemical employee, Jeff Means,**
**a Dow Chemical employee, and Cliff Samples, a Dow**
**Chemical employee,**
**Defendants Below, Respondents**

**FILED**

November 6, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Billy Shaffer, by counsel William B. Summers, appeals the final judgment order of the Circuit Court of Kanawha County, entered on August 15, 2014. Respondents City of South Charleston, Pat C. Rader, and Robert Yeager ("the City of South Charleston respondents") appear by counsel Molly Underwood Poe. Respondents The Dow Chemical Company, Mary Byrd, Jim Jones II, Jeff Means, and Cliff Samples ("the Dow respondents") appear by counsel Gary W. Hart and Jennelle D. Arthur. The circuit court's final judgment order was entered upon the grant of the Dow respondents' motion to dismiss and the grant of the City of South Charleston respondents' motion to dismiss or, in the alternative, motion for summary judgment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, a former employee of Dow Chemical Company, filed a complaint in the Circuit Court of Kanawha County on August 16, 2011, naming the City of South Charleston respondents as defendants and asserting causes of action for conversion, trespass, and the tort of outrage, based on allegations that South Charleston Police Officers Rader and Yeager executed an illegal search warrant that resulted in the officers' taking of petitioner's personal property. On April 4, 2013, petitioner filed an amended complaint, adding the Dow respondents as defendants and asserting that the Dow Chemical Company employees directed the officers concerning the

1

property to be seized. The amended complaint added wrongful termination[1] and federal civil rights violations[2] as causes of action. Respondents subsequently removed the case to the federal district court in the Southern District of West Virginia, wherein Respondent Dow Chemical Company filed a motion to dismiss, and the parties conducted discovery. The federal court subsequently dismissed the civil rights claim and remanded the case to the state circuit court.

Discovery revealed that Respondent Samples, a Dow Chemical Company manager, reported to South Charleston officers in August of 2009, that more than $11,000 worth of equipment, including industrial-style fencing and barbed wire, had been stolen from Dow Chemical Company in June and July of that same year. Respondent Samples told police that he drove by petitioner's residence and saw Dow Chemical Company property there, and that he took pictures of that property. Respondent Rader then obtained a warrant and searched the property. Petitioner was not home at the time of the search, and some property was seized from the residence. At the direction of Respondent Yeager, this property was released to Respondent Byrd on behalf of Dow Chemical Company.[3] Petitioner's civil action seeks return of the property taken from his residence.[4]

Upon the federal court's remand to the state circuit court, the Dow respondents filed their motion to dismiss, arguing that the claims against them were barred by the statute of limitations. In addition, the City of South Charleston respondents filed a motion to dismiss or, in the

---

[1] Petitioner offers little explanation of the basis for his claim, except to state that he "was forced into early retirement" by Respondent Dow Chemical Company. We have held that constructive discharge can only occur where an employer has created a hostile work environment based upon a protected status or other unlawful discrimination: "A constructive discharge cause of action arises when the employee claims that because of age, race, sexual, or other unlawful discrimination, the employer has created a hostile working climate which was so intolerable that the employee was forced to leave his or her employment." Syl. Pt. 4, *Slack v. Kanawha Cnty. Housing & Redevelopment Auth.*, 188 W.Va. 144, 423 S.E.2d 547 (1992).

[2] *See* 42 U.S.C. § 1983.

[3] Petitioner was arrested on August 19, 2009, and indicted for grand larceny and embezzlement in the following May term of court. These charges were later dismissed.

[4] The circuit court observed that West Virginia Code § 62-1A-6 sets forth the procedure by which a party should seek return of unlawfully-seized property. *See* Syl. Pt. 4, *State ex rel. White v. Melton*, 166 W.Va. 249, 273 S.E.2d 81 (1980). The court further noted that petitioner did not petition for the property's return in accordance with that statute, and that neither the circuit court nor the magistrate court had directed preservation of the property pursuant to West Virginia Code § 62-1A-7, which provides:

> Property taken pursuant to the warrant shall be preserved as directed by the court or magistrate for use as evidence and thereafter shall be returned, destroyed, or otherwise disposed of as the court or magistrate may direct.

alternative, motion for summary judgment. The circuit court entered two orders on August 15, 2014, one granting the Dow respondents' motion to dismiss, and one granting summary judgment to the City of South Charleston respondents. This appeal followed.

On appeal, petitioner asserts two assignments of error. First, he argues that the circuit court erred in granting the City of South Charleston respondents' motion to dismiss or, in the alternative, for summary judgment on the ground that negligence had not been alleged in the complaint. He contends that he did, in fact, allege negligence. Second, he argues that the circuit court erred in granting the Dow respondents' motion to dismiss on the ground that the statute of limitations had expired because his amended complaint "related back" to the filing of the original complaint. We have held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). We also have held that "[a] circuit court's entry of summary judgment is reviewed de novo." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We review petitioner's respective assignments of error in accordance with this standard.

We begin with petitioner's first assignment of error, in which he attacks the circuit court's finding that the City of South Charleston respondents were immune from liability and argues that the circuit court wrongly found that he failed to assert a claim of negligence. The court's finding is pertinent to the issues before us because, subject to the qualifications set forth in West Virginia Code §§ 29-12A-5 and 6, as further discussed below, "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment." *Id.* § 29-12A-4(c)(2). Petitioner was granted leave by the circuit court in March of 2013, to add a cause of action for negligence (as well as to add the Dow respondents as defendants) to his complaint, but when he filed his amended complaint the following month, no specific negligence claim was included. Nevertheless, petitioner did assert in his factual statement that the City of South Charleston respondents "were individually and collectively negligent in this action[] due to the reckless disregard for the manner in which the [s]earch [w]arrant was executed and the taking of [petitioner's] property."

As the circuit court explained, however, Respondent City of South Charleston was immune from liability in this case because its employees were engaged in the "[e]xecution or enforcement of the lawful orders of any court" when performing their duties related to the search warrant. *See* W.Va. Code § 29-12A-5(a)(3). This Court has clearly articulated that

> a political subdivision is immune from liability if a loss or claim results from the execution or enforcement of the lawful orders of any court regardless of whether such loss or claim is caused by the negligent performance of acts by the political subdivision's employees while acting within the scope of employment.

Syl. Pt. 5, in part, *Mallamo v. Town of Rivesville*, 197 W.Va. 616, 617, 477 S.E.2d 525, 526 (1996). Petitioner did not assign as error—nor do we perceive error regarding the same—in the circuit court's determination that "[t]he search warrant in this case was clearly lawful at the time it was executed." Petitioner's having pled or having failed to plead negligence is therefore

3

irrelevant. Because Respondents Rader and Yeager were executing a lawful order of the magistrate court, Respondent City of South Charleston is immune. Furthermore, because petitioner has not assigned as error the circuit court's determination that Respondents Rader and Yeager enjoyed qualified immunity in the performance of their duties, we will not disturb the circuit court's order on that ground.[5]

We turn, now, to petitioner's second assignment of error, in which he argues that his claims against the Dow respondents were not barred because his amended complaint "related back" to the initial filing of his complaint. It is undisputed that the claims asserted against the Dow respondents by petitioner were subject to a two-year statute of limitations pursuant to West Virginia Code § 55-2-12[6], and that petitioner filed his amended complaint approximately three

---

[5] In syllabus point three of *Clark v. Dunn*, 195 W.Va. 272, 273, 465 S.E.2d 374, 375 (1995), a case in which we were called upon to determine whether a conservation officer employed by the West Virginia Department of Natural Resources was entitled to qualified immunity, we explained that

> '[a] public executive official who is acting within the scope of his authority *and is not covered by the provisions of W.Va. Code, 29-12A-1, et seq.* [the West Virginia Governmental Tort Claims and Insurance Reform Act], is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known. There is no immunity for an executive official whose acts are fraudulent, malicious, or otherwise oppressive. To the extent that *State ex rel. Boone National Bank of Madison v. Manns*, 126 W.Va. 643, 29 S.E.2d 621 (1944), is contrary, it is overruled.' Syllabus, *State v. Chase Securities, Inc.*, 188 W.Va. 356, 424 S.E.2d 591 (1992).

(Emphasis supplied.) Here, we are compelled to clarify that Respondents Rader and Yeager, as employees of Respondent City of South Charleston, enjoy statutory immunity unless (1) their actions were manifestly outside the scope of employment or official responsibilities; (2) their actions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed by a provision of the West Virginia Code. W.Va. Code § 29-12A-5(b). There is no evidence before the court that any of these scenarios apply to respondents' actions. Indeed, the circuit court explained, "The fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner in performing their investigation." According to the provisions of the West Virginia Governmental Tort Claims and Insurance Reform Act, respondent officers are immune from liability in this case.

[6] This section provides:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to

(continued . . .)

4

years and nine months after the events giving rise to his causes of action. However, petitioner urged the circuit court—as he now urges this Court—to find that the addition of the Dow respondents as defendants comported with the applicable statute of limitations, according to Rule 15(c) of the West Virginia Rules of Civil Procedure:

> *Relation back of amendments.*—An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, *within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment* (A) *has received such notice of the institution of the action* that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have brought against the party.

(Emphasis supplied). We have explained that the effect of this rule is that

> an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint.

Syl. Pt. 4, *Brooks v. Isinghood*, 213 W.Va. 675, 678-79, 584 S.E.2d 531, 534-35 (2003). The notice required by the rule may be formal or informal. Syl. Pt. 6, *id.* at 679, 584 S.E.2d at 535.

---

bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

The circuit court found that there was no relation to the original complaint under this rule because there was no evidence that the Dow respondents had notice, as described in Rule 15(c)(3)(A) above, that an action had been filed. The circuit court further noted that petitioner did not even allege that there was a mistake, as described in Rule 15(c)(3)(B) above, concerning the identity of the Dow respondents. On appeal, petitioner argues that "the Dow [respondents] had ample notice of these proceedings as potential defendants and witnesses and key players in the events during the initial lawsuit and discovery process" and it is thus "impossible for the Dow [respondents] to claim that they had no notice of these proceedings." In support of this argument, petitioner avers that there were "numerous instances"—such as a moment at an October 9, 2012, hearing[7] when petitioner's counsel sought leave to amend the complaint to add the Dow respondents[8]—evincing informal notice of the civil action.

Like the circuit court, we are unpersuaded that petitioner offered evidence of notice, either formal or informal. Neither petitioner's assertions that the Dow respondents were mentioned during litigation nor petitioner's characterization of their status "as potential defendants and witnesses and key players" imputes notice within the period provided by Rule 4(k) for service of the summons and complaint.[9] Moreover, petitioner does not address the circuit

---

[7] We emphasize that this hearing occurred well over two years after the events upon which petitioner bases his complaint.

[8] Petitioner's citation to the appendix record on appeal to support this point leads to the cover page for the hearing on a motion to dismiss for failure to state a claim upon which relief could be granted, filed by the City of South Charleston respondents. On the sixteenth page of that transcript (which is not the page that petitioner cited in support of his statement) appears petitioner's counsel's declaration, "[O]ne of the things I intended to do today is to move [Dow Chemical Corporation] as a party." There is no indication that any representative of the Dow respondents was present at that hearing. Counsel made no motion to amend the complaint at that time.

We take this opportunity to remind petitioner's counsel that a party's "argument must contain appropriate and specific citations to the record on appeal, including citations that *pinpoint* when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See* Rule 10(c)(7)West Virginia Rules of Appellate Procedure (emphasis supplied). A citation to the front page of a transcript, necessarily converting the Court to truffle hunters if any useful information is to be harvested, is insufficient for the purposes of this rule. *See State, Dep't of Health & Human Res., Child Advocate Office on Behalf of Robert Michael B. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) *quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991).

[9] We agree with the Dow respondents that petitioner appears to confuse notice of the incident giving rise to the claims with notice of the initiation of the action. Petitioner suggests that counsel for the City of South Charleston respondents contacted counsel for the Dow (continued . . .)

6

court's finding that he "failed to even allege that there was a mistake concerning the identity of the Dow [respondents]." *Brooks* requires not only that a potential defendant knew or should have known that he would have been named in the original complaint had it not been for a mistake, but furthermore requires that the defendant had knowledge or potential knowledge of the mistake itself within the period prescribed for commencing an action and service of process of the original complaint. Syl. Pt. 4, *Brooks*, 213 W.Va. at 678-79, 584 S.E.2d at 534-35. There is no evidence that mistake, either factual or legal, prevented petitioner's naming of the Dow respondents in the original complaint. The amended complaint, then, does not "relate back" to the original complaint for the purposes of adding the Dow respondents.[10]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

respondents on some unspecified date, and informed counsel that "Dow Chemical was going to be added to the civil action." This suggestion is made without any citation to the appendix record on appeal.

[10] With little discussion, petitioner suggests that the statute of limitations did not begin to run until the criminal charges against him were dismissed. There is no evidence that the outcome of the criminal proceedings would have affected petitioner's litigation of his civil claims, which concerned different issues decided under different burdens of proof.