**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**January 2016 Term**

**FILED**

**March 3, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 15-0008

**PRISTINE PRE-OWNED AUTO, INC.,**
**Plaintiff Below, Petitioner**

**V.**

**JAMES W. COURRIER, JR.,**
**PROSECUTING ATTORNEY FOR**
**MINERAL COUNTY, WEST VIRGINIA,**

**AND**

**TROOPER M. L. TRAVELPIECE,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A**
**WEST VIRGINIA STATE TROOPER,**
**Defendants Below, Respondents**

---

**Appeal from the Circuit Court of Mineral County**
**Honorable Lynn A. Nelson, Judge**
**Civil Action No. 14-C-137**
**AFFIRMED**

---

**Submitted: February 23, 2016**
**Filed: March 3, 2016**

**James E. Smith, II**
**Keyser, West Virginia**
**Attorney for the Petitioner**

**Patrick Morrisey,**
**Attorney General**
**Julie Marie Blake,**
**Assistant Attorney General**
**Office of the Attorney General**
**Charleston, West Virginia,**
**Virginia Grottendieck Lanham,**
**Assistant Attorney General**
**John A. Hoyer,**
**Assistant Attorney General**
**West Virginia State Police**
**South Charleston, West Virginia**
**Attorneys for the Respondent,**
**Trooper M. L. Travelpiece**

**F. Cody Pancake, III**
**Prosecuting Attorney for Mineral County**
**Keyser, West Virginia**
**Attorney for the Respondent,**
**James W. Courrier, Jr.**

**JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.      When a party against whom no criminal charges have been brought seeks the return of seized property, such person should file, in the circuit court of the county in which the property was seized, a complaint seeking the return of such property under West Virginia Rule of Criminal Procedure 41(e).  The circuit court shall treat the complaint as a civil proceeding.

2.      A duty to return property seized by the State in the execution of a search warrant does not arise until a court of competent jurisdiction has entered an order pursuant to either W. Va. Code § 62-1A-6 (1965) (Repl. Vol. 2014) or West Virginia Rule of Criminal Procedure 41(e) directing the return of such property.  Accordingly, the extraordinary remedy of mandamus is not cognizable prior to the entry of such an order.

**Davis, Justice:**

Pristine Pre-Owned Auto, Inc. ("Pristine"), petitioner herein and plaintiff below, appeals an order of the Circuit Court of Mineral County denying its complaint seeking a writ of mandamus[1] to compel the return of items seized by West Virginia State Police Trooper M. L. Travelpiece ("Trooper Travelpiece"), respondent herein and defendant below, in his execution of a search warrant at Pristine's business premises. Also named as a defendant below and appearing as a respondent herein is the former Prosecuting Attorney for Mineral County, Mr. James W. Courrier, Jr. ("Prosecutor Courrier").[2] Although Pristine challenges the underlying search warrant as being an improper general warrant, and further argues that the lower court erred by failing to apply the exclusionary rule to preclude the use of the seized evidence in any future criminal proceeding against Pristine's corporate officers, we do not reach these issues. Instead, we resolve this case on the issue of whether an extraordinary writ of mandamus is a proper remedy under circumstances such as those herein presented. Because we find that mandamus is not a proper remedy in this instance, we affirm the order of the circuit court denying Pristine's complaint seeking a writ of mandamus.

---

[1]We pause briefly to point out that, pursuant to Rule 71B of the West Virginia Rules of Civil Procedure, application to a circuit court for an extraordinary writ such as mandamus is properly made by complaint. *See* W. Va. R. Civ. P. 71B(c) (setting out requirements for complaint seeking extraordinary writ).

[2]After the filing of this appeal, Governor Earl Ray Tomblin appointed Mr. James W. Courrier, Jr., to serve as Circuit Court Judge for the 21st Judicial Circuit, thus filling a vacancy created by the retirement of Judge Philip Jordan. Thereafter, the County Commission of Mineral County appointed F. Cody Pancake, III, to fill Mr. Courrier's unexpired term as Prosecuting Attorney.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

On October 23, 2014, Trooper Travelpiece sought a search warrant from Mineral County Magistrate Sue Roby. Trooper Travelpiece's affidavit accompanying his complaint for a search warrant related that, on September 8, 2014, he was contacted by Shelly Jackson ("Ms. Jackson"), a customer of Pristine who, on advice from the West Virginia Department of Motor Vehicles ("the DMV"), sought to file a complaint of false pretenses against Pristine. Ms. Jackson had allegedly purchased an automobile from Pristine, and Pristine held a lien on the vehicle pending full payment of the purchase price. Pristine also purportedly financed subsequent repairs to the vehicle, although there appears to be a dispute over whether a secondary lien on the vehicle to cover the cost of the repairs was consented to by Ms. Jackson or her co-buyer, Mr. Eric Dorman ("Mr. Dorman"). Ms. Jackson reported to Trooper Travelpiece that Pristine had asked that she bring the car to the dealership to resolve a "paperwork discrepancy." Instead, Ms. Jackson contacted the DMV and, subsequently, Trooper Travelpiece.

The following day, Ms. Jackson, who resided in Maryland, reported the vehicle stolen and again contacted Trooper Travelpiece to apprise him of the missing vehicle. Trooper Travelpiece then located the vehicle on the lot at Pristine. Pristine claimed that it repossessed the vehicle due to Ms. Jackson's failure to make payments on a secondary lien

on the vehicle. According to Trooper Travelpiece, however, Ms. Jackson had provided documentation to show that she had made agreed upon payments. Trooper Travelpiece further reported that he contacted the DMV and learned that, contrary to Pristine's assertions, there was no secondary lien recorded on the Certificate of Title pertaining to Ms. Jackson's automobile as of September 9, 2014.[3]

Trooper Travelpiece also learned from the DMV that the sale of the vehicle to Ms. Jackson was being investigated by that agency because the Certificate of Title to the vehicle on file with the DMV did not properly identify it as a salvage vehicle.[4] The DMV related that a prior owner of the vehicle, who also had purchased the car from Pristine, had apparently been involved in an accident and, as a result, the vehicle had become a salvage vehicle. The prior owner's insurance company had tendered payment to Pristine equal to the remainder due on a lien Pristine held on the vehicle. Pristine was then to surrender the automobile's title to the insurer. Pristine purportedly failed to surrendered the title to the

---

[3]It appears that a secondary lien on the subject vehicle was recorded by Pristine on September 12, 2014, which was four days after the vehicle was repossessed for Ms. Jackson's failure to make payments on the secondary lien. As noted above, whether or not the secondary lien had been agreed to by Ms. Jackson and/or Mr. Dorman appears to be in dispute.

[4]While the Certificate of Title failed to properly identify the vehicle as a salvage vehicle, a bill of sale documenting the transaction between Ms. Jackson, Mr. Dorman, and Pristine contained a notation stating "Sold Vehicle: Reconstructed Title Salvage History." It is claimed, however, that the bill of sale was prepared and executed two days after Ms. Jackson and Mr. Dorman agreed to purchase the vehicle and tendered a down-payment on the same without being informed of the vehicle's salvage history.

insurer. Instead, Pristine repaired the vehicle and sold it to Ms. Jackson and Mr. Dorman. DMV records indicate that Pristine filed an affidavit for repossession of the vehicle from the previous owner after the accident had occurred. Pristine apparently claimed that the previous owner had defaulted on a lien encumbering the vehicle, notwithstanding the fact that the insurer had paid the full balance due on the purchase lien.

The DMV further indicated to Trooper Travelpiece that its internal investigation suggested that Pristine had engaged in the practice of adding the cost of vehicle maintenance onto existing liens, and then repossessing vehicles based upon customers' defaults on the amounts Pristine had added to those existing liens. Trooper Travelpiece opined to the magistrate court that this practice put into question the legality of Pristine's past automobile repossessions from individuals who had allegedly defaulted on their automobile loan payments. Finally, Trooper Travelpiece advised the magistrate court that, subsequent to September 8, 2014, he had received several additional complaints from customers of Pristine who claimed either that they were sold a reconstructed vehicle without proper notice or that Pristine had refused to transfer title to a vehicle upon completion of all payments due.

Based upon Trooper Travelpiece's representations, Magistrate Roby issued the requested search warrant, which sought all of Pristine's financial documentation, all records of vehicles sold by Pristine, all repossession paperwork, all vehicle titles, information

4

pertaining to vehicles present on Pristine's lot, all paperwork documenting maintenance to reconstructed vehicles, all computers, and all electronic devices capable of storing business records.

When Trooper Travelpiece executed the warrant, corporate officers of Pristine refused to cooperate or assist in the location of the documents and equipment subject to the warrant. As a result, law enforcement seized, as described by the circuit court, "a considerable volume of paperwork, records, computer equipment, and other materials during the search of the property." Thereafter, on November 12, 2014, Pristine filed in the Circuit Court of Mineral County its complaint seeking a writ of mandamus and an injunction. Following a hearing, by order entered on December 12, 2014, the circuit court denied Pristine's complaint. However, instead of addressing the issues raised in the context of mandamus, the circuit court found that Rule 41(e) of the West Virginia Rules of Criminal Procedure provided the proper analysis. Addressing the sufficiency of the search warrant on the merits, the circuit court upheld the search and seizure. Additionally, however, the circuit court ordered Trooper Travelpiece and Prosecutor Courrier to "coordinate the return [to Pristine's counsel] of any items in which the State does not have a continuing interest." This appeal followed.

Before delving into our analysis of this case, we note that no criminal actions were pending against the principal officers of Pristine at the time of the circuit court's ruling. This no longer is the case. Prosecutor Courrier and Trooper Travelpiece aver in their briefs to this Court that, upon completion of the State Police investigation of Pristine, two of Pristine's officers were indicted. Fernando Manvel Smith, Pristine's Chief Operating Officer, and Jamie Elizabeth Crabtree, have each been indicted on twenty-nine felony counts of false pretenses in violation of W. Va. Code § 61-3-24(a)(1) (1994) (Repl. Vol. 2014), and an additional twenty-nine felony counts of conspiracy in violation of W. Va. Code § 61-10-31 (1971) (Repl. Vol. 2014). Finally, Prosecutor Courrier and Trooper Travelpiece explain that, once the items removed from Pristine were more thoroughly examined, some items that were not relevant to the investigation were returned to Pristine. Upon completion of the State Police investigation, additional items were ready for return. However, according to Prosecutor Courrier, Pristine refused to accept the items without a more detailed inventory. During oral argument, this Court was advised that the items finally were returned in mid-January 2016. Items which are evidence of the crimes committed have been retained by the State as evidence in the pending criminal prosecution.

## II.

## STANDARD OF REVIEW

This Court has previously held that "[a] *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008). Accordingly, we engage in a plenary review of this case.

## III.

## DISCUSSION

Although Pristine sought a writ of mandamus from the circuit court, in its order resolving this matter, the trial court instead examined W. Va. Code § 62-1A-6 (1965) (Repl. Vol. 2014), a statute providing for the return of property and the suppression of evidence, and West Virginia Rule of Criminal Procedure 41(e), addressing a motion for return of property. The trial court concluded that Rule 41(e) provided the proper analysis for this matter. Therefore, the circuit court assessed the sufficiency of the search warrant on the merits under Rule 41(e) and upheld the search and seizure. Pristine argues that the circuit court erred in failing to apply the remedy of mandamus in favor of Pristine. We disagree.

It is well established that

7

"'[m]andamus lies to require the discharge by a public officer of *a nondiscretionary duty*.' Point 3 Syllabus, *State ex rel. Greenbrier County Airport Authority v. Hanna*, 151 W. Va. 479[, 153 S.E.2d 284 (1967)]." Syllabus point 1, *State ex rel. West Virginia Housing Development Fund v. Copenhaver*, 153 W. Va. 636, 171 S.E.2d 545 (1969).

Syl. pt. 1, *State ex rel. Williams v. Department of Military Affairs & Pub. Safety, Div. of Corr.*, 212 W. Va. 407, 573 S.E.2d 1 (2002) (emphasis added). In fact, "[t]o invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy." Syl. pt. 2, *Myers v. Barte*, 167 W. Va. 194, 279 S.E.2d 406 (1981). In the case *sub judice*, there simply existed no duty on the part of Trooper Travelpiece or Prosecutor Courrier to return Pristine's property.

In West Virginia, two methods have been established for seeking the return of seized property: W. Va. Code § 62-1A-6 and West Virginia Rule of Criminal Procedure 41(e). As we will demonstrate below, both of these provisions fail to create a nondiscretionary duty on the part of Trooper Travelpiece or Prosecutor Courrier to return Pristine's property.

We first examine W. Va. Code § 62-1A-6 to ascertain the nature of any duty to return seized property created therein. At the outset, though, we note that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the

8

Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219

S.E.2d 361 (1975). In our endeavor to ascertain legislative intent, we are mindful that

"[a] statutory provision which is clear and unambiguous and plainly expresses the

legislative intent will not be interpreted by the courts but will be given full force and

effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). Nevertheless,

"[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1,

*Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

W. Va. Code § 62-1A-6 provides as follows:

> A person aggrieved by an unlawful search and seizure
> may move for the return of the property and to suppress for
> use as evidence anything so seized on the ground that (1) the
> property was illegally seized without a warrant, or (2) the
> warrant is insufficient on its face, or (3) the property seized is
> not that described in the warrant, or (4) there was not probable
> cause for believing the existence of the grounds on which the
> warrant was issued, or (5) the warrant was illegally executed.
> If the offense giving rise to the issuance of the warrant be one
> which a magistrate has jurisdiction to hear and determine, the
> motion may be made to him. If the offense is cognizable only
> before a court of record the motion shall be made to the court
> having jurisdiction. The judge or magistrate shall receive
> evidence on any issue of fact necessary to the decision of the
> motion. *If the motion is granted the property shall be
> returned unless otherwise subject to lawful detention and it
> shall not be admissible in evidence at any hearing or trial*.
> The motion may be made before trial or hearing upon three
> days' [sic] notice, or, the motion may be made or renewed at
> the trial or hearing.

(Emphasis added).  In plain language, the foregoing statute does establish a duty to return seized property; however, the duty arises only after the motion seeking such return has been granted.  In its sole reference to the return of property, W. Va. Code § 62-1A-6 expressly provides:  "*If the motion is granted* the property *shall be returned* unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial."  (Emphasis added).  The Legislature's use of the word "shall" in declaring that "the property *shall* be returned" unmistakably creates a duty to return the seized property.  "'It is well established that the word "shall," in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation.'  Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982)."  Syl. pt. 1, *E.H. v. Matin*, 201 W. Va. 463, 498 S.E.2d 35 (1997).  But the directive that "the property shall be returned" arises only "[i]f the motion is granted."  W. Va. Code § 62-1A-6.  Thus, only after a motion made pursuant to W. Va. Code § 62-1A-6 has been granted does there arise a mandatory duty on the part of the custodian of said property to return the same, so long as the property is not "otherwise subject to lawful detention."  Because no duty to return property arises under W. Va. Code § 62-1A-6 without an order directing the return of seized property, W. Va. Code § 62-1A-6 does not support the use of the extraordinary writ of mandamus to compel the return of seized property prior to the entry of an order directing that such property be returned.

10

Before concluding our discussion of W. Va. Code § 62-1A-6, we additionally point out that the circuit court determined that the foregoing statute was not applicable in this instance insofar as it contemplates a motion being filed *after* criminal charges are brought. In this case, no charges were pending against Pristine's corporate officers at the time they sought to have the circuit court direct the return of their property. We agree with the circuit court's conclusion. In discussing which court has jurisdiction to decide a motion for the return of property, W. Va. Code § 62-1A-6 provides that,

> [i]f *the offense* giving rise to the issuance of the warrant be
> one which a magistrate has jurisdiction to hear and determine,
> the motion may be made to him. If *the offense* is cognizable
> only before a court of record the motion shall be made to the
> court having jurisdiction.

(Emphasis added). In addition, the statute states that "[t]he motion may be made *before trial or hearing* upon three days' [sic] notice, or, the motion may be made or renewed *at the trial or hearing*." (Emphasis added). The statute's references to "the offense," and the additional declarations referring to the "trial or hearing," plainly contemplate that a motion under W. Va. Code § 62-1A-6 will be made in connection with a criminal proceeding. Accordingly, we find that the circuit court was correct in determining that W. Va. Code § 62-1A-6 was not applicable in this particular instance insofar as no criminal charges were pending against Pristine's corporate officers at the time Pristine sought the return of its seized property.

11

Having determined that W. Va. Code § 62-1A-6 does not establish a nondiscretionary duty to return property in the absence of an order directing such a return, we next examine West Virginia Rule of Criminal Procedure 41(e). Rule 41(e) is titled "*Motion for return of property*," and provides that

> [a] person aggrieved by an unlawful search and seizure may move the circuit court for the county in which the property was seized for the return of the property on the ground that he or she is entitled to lawful possession of the property. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. *If the motion is granted, the property shall be returned to the movant*, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the circuit court of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

(Emphasis added). The circuit court determined that, unlike W. Va. Code § 62-1A-6, which applies only after criminal charges have been brought, Rule 41(e) allows for a motion to be filed by any person aggrieved by an unlawful search and seizure regardless of whether charges have been filed. We agree. Before discussing the particular language that directs our conclusion, we pause to note that "[c]ourt rules are interpreted using the same principles and canons of construction that govern the interpretation of statutes." Syl. pt. 2, *Casaccio v. Curtiss*, 228 W. Va. 156, 718 S.E.2d 506 (2011). Thus, "where the language of a rule is clear and unambiguous, it should not be construed but applied

12

according to its terms." Syl. pt. 3, in part, *State v. Mason*, 157 W. Va. 923, 205 S.E.2d 819 (1974).

Turning now to the language of Rule 41(e), we observe that the last sentence of Rule 41(e) states: "*If* a motion for return of property is made or comes on for hearing in the circuit court of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12." (Emphasis added). By setting out how the motion is to be treated *if* it is made after an indictment or information is filed, the Rule plainly contemplates that the motion also could be filed in the absence of an indictment or information. Thus, Rule 41(e) provides a means for a person to challenge an allegedly unlawful seizure whether or not criminal charges have been filed.

Our conclusion is in accord with how federal courts have interpreted Rule 41 of the Federal Rules of Criminal Procedure.[5] We are persuaded by the federal courts'

---

[5]The current version of Rule 41(e) of the West Virginia Rules of Criminal Procedure, which was adopted by this Court in 1995, was patterned after an older version of Federal Rule of Criminal Procedure 41(e). *See* F. R. Crim. P. 41(e) as adopted in 1993. Therefore, we find older cases interpreting Federal Rule of Criminal Procedure 41(e) to be persuasive in guiding our interpretation of West Virginia Rule of Criminal Procedure 41(e). The federal provision pertaining to the return of property is now located at Rule 41(g). Rule 41(g) of the Federal Rules remains similar to our Rule 41(e), and also has been interpreted as providing for a civil proceeding when a motion for the return of property is filed in the absence of criminal charges. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (discussing Rule 41(g) and explaining that, "[t]hough styled
(continued...)

13

interpretation of procedural rules insofar as "[t]he decisions of this Court have indicated that, '[t]o aid in defining the meaning and scope of this state's individual . . . rules of procedure, this Court often gives substantial weight to federal cases interpreting virtually identical federal rules.'" *State ex rel. J.C. v. Mazzone*, 233 W. Va. 457, 463, 759 S.E.2d 200, 206 (2014) (quoting *State ex rel. Erie Ins. Prop. & Cas. Co. v. Mazzone*, 220 W. Va. 525, 533 n.6, 648 S.E.2d 31, 39 n.6 (2007)). *See also State v. Sutphin*, 195 W. Va. 551, 563, 466 S.E.2d 402, 414 (1995) ("[W]e have repeatedly recognized that when codified procedural rules . . . of West Virginia are patterned after the corresponding federal rules, federal decisions interpreting those rules are persuasive guides in the interpretation of our rules." (citations omitted)).

The federal courts have recognized that, when no criminal charges are pending against the person whose property was seized, a motion under Rule 41(e) should actually be treated as a *civil*, rather than a *criminal*, matter. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 905 (9th Cir. 2003) (interpreting old version of Federal Rule of Criminal Procedure Rule 41(e) and holding that a motion thereunder should be treated as a complaint filed under the Federal Rules of Civil Procedure when no criminal

---

[5](...continued)
as a motion under a Federal Rule of Criminal Procedure, when the motion [seeking the return of property] is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction" (citation omitted)).

proceeding is pending); *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) (construing old version of Federal Rule of Criminal Procedure 41(e) and explaining that "where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is 'treated as [a] civil equitable proceeding[ ] even if styled as being pursuant to Fed. R. Crim. P. 41(e)'" (quoting *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir.1987))). *See also* Thomas M. Bradshaw & Dianne M. Hansen, *Search Warrants for Business Records: Challenges and Defenses*, 49 J. Mo. B. 23, 28 (1993) ("When the [Rule 41(e)] motion is made prior to initiation of criminal prosecution, the motion is more properly considered as a suit in equity, since it is technically not a proceeding in a criminal case." (footnote omitted)). *Cf. Appeals*, 40 Geo. L.J. Ann. Rev. Crim. Proc. 871, 880 (2011) (commenting that "if a defendant files a motion for return of property under Rule 41(e) of the Federal Rules of Criminal Procedure, and if the motion is entirely unrelated to an existing criminal prosecution, the denial of that motion is immediately appealable" (footnote omitted)).

Based upon the foregoing discussion, we now expressly hold that, when a party against whom no criminal charges have been brought seeks the return of seized property, such person should file, in the circuit court of the county in which the property was seized, a complaint seeking the return of such property under West Virginia Rule of

Criminal Procedure 41(e). The circuit court shall treat the complaint as a civil proceeding.[6]

Having clarified the proper application of Rule 41(e), we now consider, for purposes of our determination of the propriety of utilizing a writ of mandamus to seek the return of seized property, whether this Rule creates a nondiscretionary duty to return such property. We glean no duty to return property under Rule 41(e) until such time as a court has granted relief thereunder. Under the plain language of Rule 41(e), a duty to return property arises only *after* a motion or complaint made pursuant to the rule has been granted: "*If the motion is granted, the property shall be returned to the movant*, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings." W. Va. R. Crim. P. 41(e) (emphasis added). *See* Syl. pt. 1, *E.H. v. Matin*, 201 W. Va. 463, 498 S.E.2d 35 ("It is well established that the word 'shall,' in the absence of language . . . showing a contrary intent . . ., should be afforded a mandatory connotation." (internal quotations and citations omitted)). Because no duty to return property arises under Rule 41(e) prior to the granting of a request made thereunder, Rule 41(e) does not support the use of the extraordinary writ of mandamus to compel the return of property prior to the entry of an order directing such property's return.

---

[6]We note that Rule 41(e) refers to a "motion" being filed. However, when no criminal charge is pending, relief under Rule 41(e) should be sought by filing a complaint.

Pristine relies on *State ex rel. White v. Melton*, 166 W. Va. 249, 273 S.E.2d 81 (1980), to support its claim that mandamus provided a proper remedy. We find that *White* is both factually and legally distinguishable from the case at bar. Factually, in *White*, officers seized cash from the home of Mr. and Mrs. White during the execution of a search warrant issued in relation to their son's illegal sale of controlled substances. A county magistrate issued arrest warrants for Mr. and Mrs. White, but, following a preliminary hearing, the magistrate found no probable cause to hold them for grand jury action. Notably, Mr. and Mrs. White filed a motion in the magistrate court seeking the return of their money, which motion was granted. In response, the county prosecutor petitioned the circuit court to prohibit the magistrate from returning the currency. Mr. and Mrs. White then *petitioned this Court* for a writ of mandamus ordering the return of their money pursuant to the magistrate court's order. This Court concluded that the magistrate lacked jurisdiction to return the property because it had been seized pursuant to felony warrants against the Whites' son. Because the charges against the Whites' son were pending in the circuit court, it was determined that the circuit court, not the magistrate court, had jurisdiction to order the return of the seized money. Rather than remand the matter to the circuit court, this Court granted the requested writ and ordered the return of Mr. & Mrs. White's property.

More important to the instant matter, however, is the Court's holding in *White*: "A party aggrieved by an unlawful seizure of property by a law officer may seek the property's return by a Code, 62-1A-6 motion in the proper forum *or by mandamus*." Syl. pt. 4, *White*, 166 W. Va. 249, 273 S.E.2d 81 (emphasis added). In determining that mandamus provided a proper remedy to the Whites', the Court discussed only the absence of another remedy:

> "Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is not equally as beneficial, convenient and effective, mandamus will lie." Syl. pt. 5, *State ex rel. Vance v. Arthur*, 142 W. Va. 737, 98 S.E.2d 418 (1957)[, *overruled on other grounds by Stalnaker v. Roberts*, 168 W. Va. 593, 287 S.E.2d 166 (1981)]. *State ex rel. Lemley v. Roberts*, W. Va., 260 S.E.2d 850 (1979), Syl. pt. 1.[, *overruled on other grounds by Stalnaker*].

*White*, 166 W. Va. at 254, 273 S.E.2d at 84. Notably, at the time *White* was decided in 1980, the West Virginia Rules of Criminal Procedure had not yet been adopted. Therefore, Rule 41(e) was not available at that time to provide a remedy for individuals seeking the return of seized property when no criminal charges had been filed against them. Accordingly, *White* does not provide authority for utilizing mandamus to provide a remedy to Pristine in the instant matter, because Pristine had another adequate remedy available to it. Pristine could have filed a complaint pursuant to Rule 41(e) of the West Virginia Rules of Criminal Procedure.

18

Based upon our analysis of W. Va. Code § 62-1A-6 and West Virginia Rule of Criminal Procedure 41(e) set out above, we now hold that a duty to return property seized by the State in the execution of a search warrant does not arise until a court of competent jurisdiction has entered an order pursuant to either W. Va. Code § 62-1A-6 (1965) (Repl. Vol. 2014) or West Virginia Rule of Criminal Procedure 41(e) directing the return of such property. Accordingly, the extraordinary remedy of mandamus is not cognizable prior to the entry of such an order.

Pristine has failed to secure an order directing the return of its seized property. In the absence of such an order, there is no duty obligating Trooper Travelpiece or Prosecutor Courrier to return said property. In the absence of such a duty, mandamus simply is not proper. Thus, we affirm the circuit court's denial of Pristine's complaint seeking a writ of mandamus, although the basis for our decision differs from the grounds relied upon by the circuit court.[7] *See Curry v. West Virginia Consol. Pub. Ret. Bd.*, 236 W. Va. 188, ___, 778 S.E.2d 637, 643 (2015) ("[T]his Court affirms the order of the Circuit Court of Kanawha County; we do so, however, on different grounds than those identified by the circuit court." (footnote omitted)); *Murphy v. Smallridge*, 196 W. Va. 35,

---

[7]As noted earlier in this opinion, the circuit court did not address Pristine's complaint in the context of mandamus. Instead, the circuit court assessed the sufficiency of the search warrant on the merits under Rule 41(e) and, on those grounds, upheld the search and seizure.

19

36-7, 468 S.E.2d 167, 168-69 (1996) ("An appellate court is not limited to the legal grounds relied upon by the circuit court, but it may affirm or reverse a decision on any independently sufficient ground that has adequate support."); *Longwell v. Hodge*, 171 W. Va. 45, 47, 297 S.E.2d 820, 822 (1982) ("We agree with the Circuit Court, and affirm its decision, although for different reasons than those expressed by the lower court.").

## IV.

### CONCLUSION

For the reasons stated in the body of this opinion, the December 12, 2014, order of the Circuit Court of Mineral County is affirmed.

Affirmed.